## FLORA O. SPEAR v. THE P. W. & B. R. CO. ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 20, 1888—Decided February 27, 1888.

1. In an action for damages for personal injuries caused to a passenger by an explosion upon a steamboat, on proof of the injuries, the burden is upon the defendants to show that the explosion was not due to the negligence of the company or its employees; and, whether or not the prima facie case of the plaintiff has been fully answered by evidence from the defendants tending to show they were not in fault, is a question to be submitted to the jury.
2. In such an action, the evidence adduced by the defendants did not fully account for the explosion, though showing that it was not of the boiler or of the machinery and tending to support their theory that it was due to an explosive substance brought upon the boat without their knowledge: *Held*, that it was error to give the jury a binding instruction to find for the defendants.
3. It is the right, and in some cases it becomes the duty of a judge, to express his opinion upon the character of the testimony which he must submit to the jury, but it should be done in such a manner as to leave them in possession of the question that belongs to them: PER WILLIAMS, J.

| | |
|---|---|
| 119 | 61 |
| 124 | 469 |
| 124 | 470 |
| 119 | 61 |
| 147 | 346 |
| 119 | 61 |
| 151 | 253 |
| 119 | 61 |
| 157 | 129 |
| 158 | 137 |
| 119 | 61 |
| 193 | 344 |
| 119 | 61 |
| 198 | 585 |
| 119 | 61 |
| 201 | 446 |
| 119 | 61 |
| 208 | ¹176 |
| 119 | 61 |
| 34 SC | ²462 |
| 119 | 61 |
| 36 SC | 583 |

Charge of Court below.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 12 January Term 1888, Sup. Ct.; court below, No. 52 March Term 1886, C. P. No. 3.

On February 10, 1886, Mrs. Flora O. Spear brought an action against the Phil. W. &. B. R. Co. and the Penn. R. Co., Robert Craven and H. F. Kenney, to recover damages for injuries resulting in the death of Adrian Spear, her husband.

At the trial on October 7, 1886, before FINLETTER, P. J., there was a verdict for the plaintiff for $6,000. A rule for a new trial having been made absolute, the case came to a second trial on April 25, 1887, before REED, J., when it was made to appear that on August 17, 1885, Adrian Spear was a passenger on board the steamboat, "Samuel M. Felton." The boat left Chestnut street wharf and had scarcely reached the foot of Walnut, when an explosion occurred blowing its forward part to pieces. A fragment of flying timber struck Mr. Spear, inflicting injuries from which he died after five days of severe suffering. The boat was owned and operated by the P. W. & B. R. Co.

There was no evidence adduced establishing the cause of the explosion. It was not gunpowder, nor steam, nor a piece of freight; but there was testimony on the part of the defendants introduced to support the theory that it was dynamite.

The court, REED, J., answered the points presented and charged the jury as follows:

In my opinion the evidence in this case does not materially differ from that which was offered when this case was tried before. The matter of the weight of the evidence has been a subject of consideration by the court in banc, and in giving you the direction I shall give you, I am expressing the opinion of the court at large. I will first, however, pass upon the points of the plaintiff, after which I will give you a single direction.

The plaintiff's counsel has asked me to charge you:

1. The mere fact that the deceased was killed by an explosion on the defendants' boat whilst he was a passenger, entitles him to your verdict, if he was himself using due care, unless

you are satisfied that the defendants could not have prevented the injuries had they used the highest degree of care and foresight that could be reasonably expected from a common carrier of passengers.

Answer: I affirm that point.

2. The happening of the accident being, on its face, proof of negligence, it is not sufficient as a defence merely to show that the accident might have happened without negligence in the defendants. It is, on the contrary, necessary for them to satisfy you by proof that it did not happen through any failure of theirs to use the highest degree of care to be expected of a human being intrusted with human life.

Answer: I affirm that point also.

3. When a carrier receives a passenger to be carried for its profit, it places itself under the obligation of carrying safely, if it can by the use of the greatest degree of care and foresight of which a human being is reasonably capable, and the defendants are liable if the injury to the deceased resulted from a failure to use such care, while he was himself in the exercise of due care.

Answer: I affirm that also.

4. Whether the evidence of the defendants' employees, who were in charge of the boat at the time of the accident, is to be believed, is a question for the jury; but where such an accident happens, it is a presumption of fact that the plaintiff has been ordinarily careful, and that the defendant has failed in its duty, until the contrary is shown by evidence.

Answer: I affirm that point. Of course, everything of that kind is for the jury, and they are to determine what evidence is to be believed; but I will direct you in this case that it is your duty, under the evidence, to find a verdict for the defendants, in the absence of any proof of negligence on their part.

The jury having reported a failure to agree, the court instructed them further:

I do not think that you understood me clearly in what I said to you. It is my right and duty to say that what has been found to be the law by the court in banc shall be obeyed in this case. If this court has made any mistake, it can be corrected by the

Opinion of Court below.

Supreme Court and a new trial ordered. If, for any reason, this jury should be discharged, the effect to the plaintiff would be injurious, inasmuch as it would prevent this case being reviewed by the Supreme Court at as early a day as it can be reviewed if you find a verdict for the defendants now. Therefore, while I have no power to compel you, as men, to do any particular act, yet I have the power, which I shall certainly exercise, of directing a verdict in this case to be entered for the defendants. However, it would be better for the plaintiff that you should render a verdict in accordance with the instructions of the court, because if that is not done it will cause a year or two of delay in having this case reviewed by the Supreme Court. . . . . .

Therefore, I hope you will obey the instructions of the court and render a verdict for the defendants.

The verdict returned was for the defendants. On July 14, 1887, a rule for a new trial was discharged, FINLETTER, P. J., filing the following opinion:

The plaintiff proved that her husband was a passenger on the steamboat of the defendants, upon which an explosion, accompanied by a black smoke, occurred; that he was injured thereby and died a few days subsequently. The defendants satisfactorily established that the explosion did not arise from the boiler, or from anything connected with the boat or its management. They also gave evidence to show that it might have occurred from dynamite, which might have been placed there by a person mentioned by one of the witnesses, and that they had no knowledge of these facts, and could not have had. Neither the plaintiff nor the defendants gave any testimony which established the cause of the explosion. There was no testimony from which the jury could infer that it arose from any defect in the boat or its management, or from any cause over which the defendant could have had control. The court directed the jury to find a verdict for the defendants.

It may not be questioned that a prima facie case established by a presumption of law must be submitted to the jury. Until successfully rebutted, it should have all the effect of a judgment. If therefore the presumption of negligence did arise from the injury to the passenger, the case should have been

determined by the jury, although the evidence produced by the defendants against the presumption was conclusive.

It then becomes important to ascertain under what circumstances a presumption of negligence arises against a carrier when a passenger is injured. In Laing v. Colder, 8 Pa. 481, the passenger's arm was broken by reason of the closeness of the car to the walls of a bridge. That is, the construction of the road made it dangerous. It was held to be the duty of the company to give timely warning. In Sullivan v. Railroad Co., 30 Pa. 234, the car came in collision with a cow, and was overthrown. It was held that the company should guard against such accidents. In P. & C. R. Co. v. Pillow, 76 Pa. 513, the passenger was injured by fighting passengers. It was held that the cars should be kept free from disorderly persons. In Del., L. etc. R. Co. v. Napheys, 90 Pa. 141, Mrs. Napheys was injured in stepping from the car. STERRETT, J., said: "The general rule is that a party who alleges negligence as the basis of a claim for damages is bound to prove the fact alleged. If a passenger is injured in a collision, or by the overthrow of the car, or by the breaking of any part of the machinery, he is not required to do more than prove the fact and his injury: a prima facie case is made out." In P. & R. R. Co. v. Anderson, 94 Pa. 357, the accident occurred from the washing away of the embankment of the road arising from insufficient drainage. GORDON, J., considered all the previous cases, and deduced the principle, that where, for a consideration, a railroad undertakes to transport a passenger, there arises an implied contract upon the part of the company that it has for that purpose provided a sufficient road, machinery, and cars; that where a passenger is injured by any accident arising from a collision or a defect in the road or equipment, he is required in the first place to prove no more than the fact of the accident and the extent of the injury.

In this case the plaintiff contended that whenever a passenger is injured a presumption of negligence arises against the carrier, which he must rebut by evidence. The authorities cited do not seem to carry the doctrine so far. In all of them it will be observed that the accidents arose from causes affecting the road, or its equipment, or which might have been guarded against by proper care, and therefore negligence was

reasonably presumed. In Naphey's case it was alleged that the company had not provided a sufficient exit from the car, which was the cause of the injury. There was evidence that the step was from twenty-five to twenty-nine inches from the ground. The jury might have inferred, as was doubtless the fact, that the height of the step caused the injury. Certainly the passenger is under the protection of the company from the time he enters the car until he leaves it. And yet Justice STERRETT said: "Taking the uncontradicted facts of this case as they were presented, there existed no reason for relaxing the general rule, that he who alleges negligence as the basis of a claim for damages is bound to prove it affirmatively." In Anderson's case, Justice GORDON said: "The carrier's contract is to provide sufficient means for transportation and to guard against external causes of danger, and that when a passenger is injured by a collision, or a defect in the road or its equipment, the presumption of negligence arises." It follows from these authorities that when the accident arises from none of these causes, or where the cause is unascertainable, the fact of the accident is not sufficient to warrant the presumption of negligence. In such cases the general rule applies, "that where negligence is alleged it must be proved."

There was no evidence to show that Mr. Spear was injured by any accident arising out of or connected with the boat, its equipment, or management, or from any cause over which the defendants had control, or could have guarded against, and therefore the presumption of negligence did not arise.

Rule discharged.


Judgment having been entered on the verdict, the plaintiff took this writ, assigning as error the instruction to the jury to find a verdict for the defendants.


*Mr. George H. Earle, Jr.*, and *Mr. Richard P. White* (with them *Mr. Frank T. Lloyd*), for the plaintiff in error:

1. The slightest neglect against which human prudence and foresight may guard, and by which hurt or loss is occasioned, will render passenger carriers liable to answer in damages. Nay, the mere happening of an injurious accident raises, prima facie, a presumption of neglect, and throws upon the carrier

the onus of showing it did not exist: Laing v. Colder, 8 Pa. 482; P. & R. R. Co. v. Anderson, 94 Pa. 358; Del., L. & W. R. Co. v. Napheys, 90 Pa. 141; P. & C. R. Co. v. Pillow, 76 Pa. 513; Sullivan v. Railroad Co., 30 Pa. 239; N. Y. & L. E. etc. R. Co. v. Dougherty, 11 W. N. 437; People's Pass. Ry. Co. v. Weiller, 17 W. N. 306.

2. When the evidence shows the non-performance of a specific duty laid on one by statute, contract or otherwise, then the judgment, whether the plaintiff has suffered by the defendant's negligence, is a judgment of fact and on a trial by jury, must be left as such in the hands of the jury: Pollock on Torts, *364 (Text Book Series, 284). The rule, indeed, is universal that the plaintiff must prove a breach of duty of some kind, but it is just as universal that this being once done, the question becomes one of fact for the jury, and the burden of explanation and exculpation lies upon the party that is shown to have failed in the duty that the law or his voluntary action has placed upon him: Railroad v. Norton, 24 Pa. 469; Allen v. Willard, 57 Pa. 379; Del., L. & W. R. Co. v. Napheys, 90 Pa. 141; P. & R. R. Co. v. Anderson, 94 Pa. 359; Sullivan v. Railroad Co., 30 Pa. 239. Even the delivery of a chattel, injured in any degree, raises a like presumption of neglect: Amer. Express Co. v. Sands, 55 Pa. 140; Grogan v. Adams' Exp. Co., 114 Pa. 528.

*Mr. David W. Sellers*, for the defendants in error, relied upon the opinion of the court below, filed on the refusal of a new trial.

OPINION, MR. JUSTICE WILLIAMS:

The jury found for the defendant in the court below under the following instruction: "I will direct you in this case, that it is your duty under the evidence to find a verdict in favor of the defendants." This instruction is assigned for error. It is necessary therefore to understand the situation of the cause when it was given.

The plaintiff is the widow of one who was killed by an accident on a steamboat belonging to the defendants. Her husband had purchased a ticket and gone upon the boat as a passenger. Within a very short time and just as the boat was

fairly clear of the wharf, a violent explosion occurred which shattered the forward part of the boat and hurled boards and fragments of timber into the air. Mr. Spear was badly bruised and died soon after. The explosion was followed by a dense black smoke, but no fire seems to have been communicated to the shattered boat, which was immediately removed to a yard outside the state for repairs. All this appeared from the evidence of the plaintiff. If the evidence had closed here, it will not be doubted that the plaintiff would have been entitled to a verdict. The person injured was a passenger; the injury occurred after the carriage had begun; and the cause of the injury was an explosion on the boat, which was the vehicle or instrument of carriage and which was under the exclusive care and control of the defendants' servants. The rule of law is that the " mere happening of an injurious accident " to a passenger while in the hands of the carrier, will raise prima facie a presumption of negligence and throw the onus of showing that it did not exist on the carrier: Laing v. Colder, 8 Pa. 482. The foundation of this presumption is in the nature of the carrier's undertaking. This is an undertaking to carry safely: Railroad v. Norton, 24 Pa. 469; and includes the provision of safe and stanch conveyances, of competent and trustworthy officers and employees to take charge of them, and the taking of all the needful precautions beforehand to guard the traveler against accident while under the carrier's charge: Sullivan v. Railroad Co., 30 Pa. 239.

It was the duty of the defendants, therefore, upon proof of the happening of an accident to a passenger, by an explosion on its boat, to take up the burden of proof which the law put on it and show that the explosion was not due to the negligence of the company or its employees. This duty the defendants' counsel recognized and addressed themselves to its performance. They proved conclusively that the explosion was not of the boiler or machinery of the boat. They gave evidence tending to show that it was not due to gunpowder or to petroleum. Several of the officers of the boat and others who examined it after the explosion testified that they did not know what caused the explosion or the nature of the explosive. Some evidence was given in support of a theory that dynamite had been taken upon the boat by some unknown person just before it left the

wharf.   This was all pertinent and tended to show that the defendants were not in fault, but it was for the jury.. Its value depended upon the appearance and manner of the witnesses and the degree of credibility to which they were entitled, and it was for them to say whether it was sufficient to overcome the legal presumption.

This was distinctly ruled in Penn. R. Co. v. Weiss, 87 Pa. 449.   The court said in that case : " The presumption of a fact in law which carries a case to the jury necessarily leaves them in possession of the case.   True, the evidence to rebut the presumption may be very strong, yet it is a matter for the jury and not for the court."   The learned judge who tried this case in the court below was persuaded that the evidence given on behalf of the defendants was sufficient to rebut the presumption of negligence, and he had a right to express an opinion upon that subject, but the question was not one of law for his determination.   It is the right, and in some cases it becomes the duty of a judge to express his opinion upon the character and weight of the testimony which he must submit to the jury, but it should be done in such a manner as to leave them in possession of the question that belongs to them.   If, notwithstanding the efforts of the judge to guide them, they disregard the evidence and the justice of the cause, he may lay his hands upon their verdict and set it aside, but this is the limit of his power in all cases when there is evidence that carries a question to the jury.   A binding instruction is proper where the evidence is not conflicting and presents the facts on which the case depends clearly and distinctly, but if the evidence is contradictory or if it fails to present the facts fully, so that inferences are to be drawn or the credibility of witnesses is to be settled, the evidence must go to the jury.   The value or legal effect of facts not in controversy may be determined by the judge, but the facts themselves if in doubt must be found by the jury.

In the case at bar the evidence of the plaintiff with the legal presumption arising therefrom, made a case of negligence on which the plaintiff was entitled to recover when her case closed. The defendant sought to show that the accident was not due to negligence for which it could be held liable, but to causes over which it had no control and for which it was in no degree

responsible. The facts were in controversy. What caused the explosion? Who was at fault for the presence of the explosive? These were questions that the evidence did not fully solve. Whether therefore the prima facie case of the plaintiff had been fully answered was just the question which belonged to the jury and which the court could not take from them.

.Judgment reversed, and venire facias de novo awarded.