# Sarah Stearns, Appellant, v. Ontario Spinning Company.

*Negligence—Presumption of negligence—Res ipsa loquitur—Nonsuit.*

Excepting where contractual relations exist between the parties, as in the case of carriers of passengers and some others, negligence will not be presumed from the mere happening of the accident and a consequent injury, but the plaintiff must show either actual negligence or conditions which are so obviously dangerous as to admit of no inference other than that of negligence. The burden which is thus thrown upon the defendant is not that of satisfactorily accounting for the accident, but merely that of showing that he used due care.

In an action to recover damages for the death of plaintiff's husband, it appeared that the deceased was lawfully employed on the first floor of a building of which the defendant occupied the fifth floor, and was hit by an axe head which fell from the fifth story of the building. An employee of defendant testified on behalf of the plaintiff that at the time of the accident, in pursuance of his employment, he was using the axe in question in cutting or breaking the iron bands on a bale of cotton; that he had used the same axe for about two years; that he had never had any trouble with it; that he had frequently examined it to see whether it was in good condition; that on this occasion, while he had not made any particular examination, "it seemed to be in first class condition;" that he had noticed

nothing wrong with it; that he had been using it for about two minutes immediately before the accident, and had cut ten bands from a bale of cotton, and that when he raised it to strike again the head flew off the handle, and out of the open doorway behind him. *Held*, that a nonsuit was properly entered.

Argued Jan. 10, 1898. Appeal, No. 222, Jan. Term, 1897, by plaintiff, from order of C. P. No. 2, Phila. County, Dec. Term, 1895, No. 281, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before SULZBERGER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.

*Alfred R. Haig* and *James M. Beck*, with them *William F. Harrity*, for appellant.—There is a class of cases in which there has been no direct evidence of any particular act of negligence, beyond the mere fact that something unusual has happened which has caused the injury, and upon the maxim, or rather phrase, "res ipsa loquitur," it has been held that there is evidence of negligence: Smith on Negligence, Whittaker's 2d Am. ed. (1896) ·522; 1 Shearman & Redfield on Negligence (1888), sec. 59.

Where the thing which causes the injury is shown to be under the management of the defendants, and the accident is such as in the ordinary course of things does not happen when those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care, and the burden is upon the defendants of establishing their freedom from fault: Shafer v. Lacock, 168 Pa. 497; Graham v. Badger, 164 Mass. 42; Dixon v. Pluns, 98 Cal. 384; Cahalin v. Cochran, 1 N. Y. State Rep. 583; Byrne v. Boadle, 2 Hurlstone & Coltman's Exch. 722; Scott v. Docks Co., 3 .H. & C. Exch. 596; Stringert v. Ross Twp., 179 Pa. 614; McCullough v. Shoneman, 105 Pa. 169; Boyd v. Ins. Patrol, 113 Pa. 269; Mullen v. St. John, 57 N. Y. 567; Vincett v. Cook, 4 Hun, 318; Volkmar v. Manhattan

Ry. Co., 134 N. Y. 418; Lowery v. Manhattan Ry. Co., 99 N. Y. 158; Kearney v. Ry. Co., 5 Q. B. 411; Manning v. West End St. Ry., 44 N. E. Rep. 135; Cummings v. Nat. Furnace Co., 60 Wis. 603; Briggs v. Oliver, 4 H. & C. Exch. 403; Lyons v. Rosenthal, 11 Hun, 46; Kelly v. Cohoes Knitting Co., 84 Hun, 154; Excelsior Electric Co. v. Sweet, 57 N. J. Law, 224; Trenton Ry. Co. v. Cooper, 37 Atl. Rep. 730; Barnowsky v. Helson, 89 Mich. 523; The Majestic, 166 U. S. 375.

The falling of an iron bar or hot cinders from an elevated railroad raises a presumption of negligence: Hogan v. Ry., 26 N. Y. Supp. 792; Brooks v. Kings Co. El. R. R., 23 N. Y. Supp. 1031; Wiedmer v. R. R. Co., 41 Hun, 284; or the falling of ice or snow from a roof of unusual construction, near the street: Shepard v. Creamer, 160 Mass. 496; or the falling of a cistern wall in course of construction: Mulcairns v. Janesville, 67 Wis. 24; or the falling of an elevator: Gerlach v. Edelmeyer, 15 Jones & Spencer, 292; or the falling of a keg from a window on plaintiff: Corrigan v. Union Sugar Refinery Co., 98 Mass. 577; or defendant's steer running into plaintiff while on the highway: Ficken v. Jones, 28 Cal. 618; or a pipe on a public wharf falling on plaintiff and injuring him: Dunn v. Ballantyne, 38 N. Y. Supp. 1102; or lumber piled on highway falling on a child causing death: Earl v. Cronck, 131 N. Y. 613; Murray v. McShane, 52 Md. 217; Skelton v. Larkin, 31 N. Y. Supp. 234; Suburban Elec. Co. v. Nugent, 34 Atl. Rep. 1069; Thomas v. W. U. Tel. Co., 100 Mass. 156; or the fact that gas escapes from defendant's pipes: Smith v. Boston Gas Light Co., 129 Mass. 318; Koelsch v. Phila. Co., 152 Pa. 355, 363; Pritchard v. Consolidated Gas Co., 39 W. N. C. 28, 2 Pa. Superior Ct. 179; Hoehle v. Heating Co., 5 Pa. Superior Ct. 21; or the mere fact that water ran from defendant's hydrant into plaintiff's apartment: Warren v. Kauffman, 2 Phil. 259; or the absence of guard rails from a bridge in a case where a man falls therefrom at night, or where a frightened horse plunges over the side of such a bridge: Hays v. Gallagher, 72 Pa. 136; Yoder v. Amwell Twp., 172 Pa. 447; Quill v. Empire State Tel. Co., 34 N. Y. Supp. 470; White v. Boston & Albany R. R., 144 Mass. 404; Edgerton v. N. Y. & Harlem R. R., 39 N. Y. 227.

In an action of this character, when the plaintiff has shown a situation which could not have been produced except by

the operation of abnormal causes, the onus then rests upon the defendant to prove that the injury was caused without his fault: Seybolt v. R. R., 95 N. Y. 562; Stokes v. Saltonstall, 13 Peters, 181; Railroad Co. v. Pollard, 22 Wallace, 341; The "City of Panama," 101 U. S. 453; Penna. Co. v. Roy, 102 U. S. 451; Dunlap v. Steamboat Reliance, 2 Fed. Rep. 249; Packet Co. v. Defries, 94 Ill. 598; Robinson v. R. R. Co., 9 Fed. Rep. 877; The "Garden City," 26 Fed. Rep. 766; Lusby v. Ry. Co., 41 Fed. Rep. 181; Mitchell v. Marker, 62 Fed. Rep. 139; Spear v. R. R. Co., 119 Pa. 61.

*John G. Johnson*, for appellee, cited Shaffer v. Haish, 110 Pa. 575; Higgs v. Maynard, 1 Harr. & Ruth. 581; Huey v. Gahlenbeck, 121 Pa. 238; Cosulich v. Standard Oil Co., 122 N. Y. 118; Doyle v. Wragg, 1 Fost. & Fin. 7; Chicago M. & St. P. Ry. v. Harper, 128 Ill. 384; Brunner v. Blaisdell, 170 Pa. 25; Penna. R. Co. v. MacKinney, 124 Pa. 462; Wojciechowski v. Sugar Refining Co., 177 Pa. 57; McKenna v. Paper Co., 176 Pa. 306; Baker v. Hagey, 177 Pa. 128; Huff v. Austin, 46 Ohio, 386; Kendall v. Boston, 118 Mass. 234; Searles v. Manhattan Ry. Co., 101 N. Y. 661.

OPINION BY MR. JUSTICE FELL, February 7, 1898:

The plaintiff's testimony showed that her husband, while lawfully in an area way in the building in which he was employed, was struck on the leg by an axe head and thereby received a wound from the effects of which he died; and that the axe head fell from an open doorway in the fifth story of the building, which was occupied by the Ontario Spinning Company, the corporation defendant. The plaintiff then called Clement, an employee of the defendant, who testified that at the time of the accident he was using the axe in question in cutting or breaking the iron bands on a bale of cotton; that he had so used the same axe for about two years; that he had never had any trouble with it; that he had frequently examined it to see whether it was in good condition; that on this occasion, while he had not made any particular examination, "it seemed to be in first class condition;" that he had noticed nothing wrong with it; that immediately before the accident he had been using it for about two minutes, and had cut ten bands from

a bale of cotton, and that when he raised it to strike again the head flew off the handle and out of the open doorway behind him.

The doctrine of res ipsa loquitur applies where under the circumstances shown the accident presumably would not have happened if due care had been exercised. Excepting where contractual relations exist between the parties, as in the case of carriers of passengers and some others, negligence will not be presumed from the mere happening of the accident and a consequent injury, but the plaintiff must show either actual negligence or conditions which are so obviously dangerous as to admit of no inference other than that of negligence. The burden which is thus thrown upon the defendant is not that of satisfactorily accounting for the accident, but merely that of showing that he used due care. It is therefore unnecessary in this case to consider whether proof of the accident and its attendant circumstances was sufficient to put the defendant to its defense, for if any presumption of negligence had been raised by the previous testimony it was a presumption of fact only, and was entirely rebutted by the testimony of Clement, the defendant's employee, who was the last witness called by the plaintiff. His evidence showed that he was a competent man, and that he had used due care, and it was at the same time entirely consistent with the happening of the accident as described by the other witnesses. For to those who are familiar with the construction of the ordinary axe, such as the one in this case was shown to have been, it is readily conceivable that the head and handle may part although apparently securely joined, and to those who are familiar with their use it is known that they sometimes do so without previous warning.

What, then, was there to submit to the jury? The defendant, as we have said, was not bound to account for the happening of the accident. It had been relieved by the plaintiff of the burden, if any there was, of showing the exercise of due care. The plaintiff's whole testimony not only failed to show negligence on the part of the defendant, but rebutted any presumption of negligence which may have arisen, and affirmatively proved its absence.

We are of the opinion that the nonsuit was properly entered, and the judgment is affirmed.