Omaha Street Railway Company v. John Boesen.

Filed October 19, 1905.    No. 14,250.

1. Street Railways: Action for Damages: Burden of Proof. In an action against a street railway company for damages for injuries sustained by one of its passengers, the burden of proof on the question of negligence does not shift to the defendant upon proof that the injuries resulted from a derailment of the car.

2. Negligence: Presumption: Evidence. In such case a presumption of negligence arises from the fact of derailment, but when that presumption is met by evidence which makes it equally probable that the accident was not due to negligence on the part of the defendant, in the absence of other evidence tending to establish the affirmative of the issue, the defendant is entitled to a verdict.

3. Carriers Not Insurers. A street railway company is not an insurer of its passengers. It is not bound to do everything that can be done to insure their safety. It fulfills its obligations in that regard when it exercises the utmost skill, diligence and foresight consistent with the practical conduct of the business in which it is engaged.

4. Witnesses: Impeachment. On a subsequent trial, the evidence of a deceased witness taken at a second trial cannot be impeached by showing that some of his statements on the witness-stand at the first trial are inconsistent therewith, where upon the second trial his attention was not directed to such statements, and he was given no opportunity to explain the alleged discrepancies.

Error to the district court for Douglas county: Lee S. Estelle, Judge. *Reversed.*

*John L. Webster* and *W. J. Connell*, for plaintiff in error.

*T. W. Blackburn* and *R. S. Horton, contra.*

Albert, C.

This is an action wherein the plaintiff seeks to recover for personal injuries alleged to have been sustained by reason of the negligence of the defendant. It is alleged in the petition that, while the plaintiff was a passenger on one of the cars operated by the defendant on its street railway, such car, by reason of certain negligent acts and omissions of the defendant, was derailed, and, in consequence, the plaintiff was thrown violently therefrom, and thereby sustained serious and permanent bodily injuries. These allegations are put in issue by the answer, which also charges the plaintiff with contributory negligence. The reply con-

sists of a general denial. A trial of the issues resulted in a verdict and judgment for plaintiff. The defendant brings error.

The court instructed the jury that, if they found that the car was derailed, and that, in consequence, the plaintiff was thrown from the car and injured, it devolved upon the defendant to show by a preponderance of the evidence that the injuries were not due in any degree to a failure on the part of the defendant to exercise the utmost care, diligence and foresight for the safety of its passengers. It would seem that the theory of the court that the burden of proof on the question of negligence shifted to the defendant upon a showing that the plaintiff was injured in consequence of a derailment of the car is erroneous. Section 3, article I, chapter 72, Compiled Statutes 1903 (Ann. St. 10039), which charges railroad companies with liability for all damages inflicted upon the person of their passengers while being transported over their roads, except when the injury arises from the criminal negligence of the person injured, has no application to street railways. *Lincoln Street R. Co. v. McClellan,* 54 Neb. 672. The latter class of carriers are liable only when such injuries are traceable to some negligent act or omission on their part. Negligence is the gist of the action, and the plaintiff holds the affirmative, which he must establish by a preponderance of the evidence. Proof of the accident is not direct proof of negligence. The accident is a mere collateral fact, but one so commonly associated with a lack of due care that, when proved, it raises a strong probability, amounting to presumption of negligence. But when the proof of such accident is met by proof of other facts and circumsances making it equally probable that it was the result of causes wholly beyond the control of the defendant, and which no human skill and foresight could have guarded against or prevented, one probability offsets the other, and the affirmative of the issue, in the absence of other evidence tending to establish it, stands, just as it stood at the beginning of the controversy, not proved.

As was said by Commissioner AMES, in *Rapp v. Sarpy County,* 71 Neb. 382:

"The burden of sustaining the affirmative of an issue involved in an action does not shift during the progress of the trial, but is upon the party alleging the facts constituting the issue, and remains there until the end."

The charge of the court is also open to the further criticism that it imposed upon the defendant too high a degree of care. A street railway company is not bound "to excercise the utmost care, diligence, and foresight, * * * for the safety of its passengers." In no case should such carriers be held to a higher degree of care than is consistent with the practical conduct of its business. While the precise point was not under consideration at the time, this court recognized the justice of the qualification just suggested in *Lincoln Street R. Co. v. McClellan, supra.* In *Johnson v. Seattle Electric Co.,* 35 Wash. 382, the court said:

"While the jury are told that a common carrier is not an insurer of the lives and limbs of its passengers, yet they are told that it is liable if it has not done everything that could have been done to insure their safety. The rule is not so onerous as this. There are many things that a carrier could do which would conduce to the safety of its passengers, but which it is not required to do, simply because the practical prosecution of the business will not permit of it. The carrier could, for example, by simply increasing its force of attendants, reduce to a minimum the happening of accidents like the one complained of here, but this, simple as the remedy may seem, might so increase the cost of operation as to compel the abandonment of the business. Hence the carrier cannot be held bound to do everything that can be done to insure the safety of its passengers, but only to the highest degree of care consistent with the practical conduct of its business. The measure of duty, as laid down by the trial court, was more than the law requires of the carrier, and for that reason erroneous."

To the same effect are the following: *West Chicago Street R. Co. v. Winters,* 107 Ill. App. 221; *Chicago Union Traction Co. v. Mommsen,* 107 Ill. App. 353; *Palmer v. Warren Street R. Co.,* 206 Pa. St. 574; *Fitch v. Mason City & Clear Lake Traction Co.,* 124 Ia. 665; *Indianapolis & St. L. R. Co. v. Horst,* 93 U. S. 291.

The defendant asked the court to instruct the jury to the effect that, although they found that the car was derailed, yet if they found that at the time and place of the accident the car and track were in good order and condition, and without defect or imperfection, the presumption arising from the derailment of the car would be thereby overcome. It was not error to refuse this instruction, because it ignores the inference of negligence, in the operation of the car, which the jury might legitimately draw from the fact of derailment.

This case has been tried in the district court six times. A witness who had testified at the first and second trial died before the last trial. The testimony of the witness taken at the second trial was received on behalf of the plaintiff at the last trial of the case. For the purpose of impeachment, the defendant offered certain portions of the evidence of the same witness given at the first trial. The offer was rejected, and its rejection is now assigned as error. It does not appear that any attempt was made at the second trial to lay a foundation for the impeachment of the witness by calling his attention to the alleged inconsistent statements, or otherwise. The evidence offered was not, under the circumstances, admissible for the purpose of impeachment. 3 Jones, Evidence, sec. 851; *Ayers v. Watson,* 132 U. S. 394.

There is some question whether the defendant is in a position to complain of that portion of the charge in regard to the degree of care required of a carrier of passengers, but, as the judgment must be reversed for the error in the charge with respect to the degree of proof necessary to rebut the presumption of negligence arising from the derailment of the car and consequent injury to the plaintiff, we have not gone into that question.

It is recommended that the judgment of the district court be reversed and the cause remanded.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.

HOLCOMB, C. J., not sitting.