# State of Colorado

## At September Term, A. D. 1917

No. 8625.

THE COLORADO SPRINGS & INTERURBAN RAILWAY CO. *v.*
REESE.

Decided December 3, 1917.

Action in damages against a street railway corporation for personal injuries. Judgment for plaintiff.

*Affirmed.*
*On Petition for Rehearing.*

1. NEGLIGENCE—*Personal Injuries—Pleading.* In a personal injury case the cause of action is the injury sustained by plaintiff through the negligence of defendant, and whether the negligence is charged specifically, generally or both, is immaterial if the pleading is not questioned.

2. *Pleading—Res Ipsa Loquitur.* If plaintiff in one count alleges negligence generally as the cause of his injury, he may rely upon the maxim *res ipsa loquitur* to establish it; if in a different count he alleges specific negligence he may rely upon any pertinent evidence to prove his case.

3.        *Res Ipsa Loquitur.* The contention that the complicated character of the machinery involved excludes the application of the doctrine *res ipsa loquitur,* not approved.

4. MAXIM—*Res Ipsa Loquitur.* The doctrine simply carries the case to the jury permitting it to infer negligence, and find on all the evidence whether plaintiff has sustained the burden of proof.

5. APPEAL AND ERROR—*Findings of Fact by Nisi Prius Courts.* In the determination of the amount or degree of certainty that must exist in the evidence to substantiate facts in issue, appellate tribunals ¬should rely upon the judgment and perception of nisi prius judges and the agencies' which they employ to ascertain the facts. Findings of fact will not be disturbed when supported by evidence.

6.        *Evidence—Admission without Objection.* Counsel are officers of the court, charged with the duty of guarding it against errors at the trial, and when they acquiesce in the admission of evidence may not, after verdict, claim it was improperly received.

7. EVIDENCE—*Inspection, question for the Jury.* In this case the questions of inspection or lack of inspection, were properly left to the jury.

*Error to the District Court of El Paso County, Hon. W. S. Morris, Judge.*

Messrs. CHINN & STRICKLER, Mr. GEORGE W. MUSSER, Mr. J. ALFRED RITTER, for plaintiff in error.

Messrs. ORR, ROBINETT & MASON, Mr. L. W. CUNNINGHAM, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

REESE, plaintiff below, recovered a judgment against the Colorado Springs & Interurban Railway Company, a corporation, in damages for personal injuries sustained by him through the alleged negligence of the defendant corporation. The defendant operates a street car system in Colorado City, and on the afternoon of June 19, 1914,

plaintiff was a passenger on one of its cars when an explosion occurred in or about the controller, appliances, and apparatus in the front of the car, whereby the vestibule and front part of the car became filled with smoke and flames. It is alleged that as a result thereof plaintiff was placed in a situation of apparent and imminent peril, and, believing that his safety required him to immediately leave the car, he, without further deliberation, jumped therefrom, and sustained the injuries of which complaint is. made. The language in which the negligence of the defendant is charged is as follows, to-wit:

"Plaintiff alleges that he sustained said injuries solely by reason of the negligence and carelessness of defendant and its employes having the management and control of said car at said time; that plaintiff is unable, for lack of knowledge, to definitely specify said negligence and carelessness, or to specify definitely the cause of said explosion; that plaintiff is informed and believes, and upon such information and belief alleges, that defendant 'negligently and carelessly provided, operated, and caused to be operated said car at said time when the controller, machinery, appliances, and parts of said car connected with and used in the operation and control of the motive power thereof were out of repair and insecure and in a defective condition, and that by reason thereof said car was dangerous and unsafe for the transportation of plaintiff as a passenger at said time; that plaintiff is, for lack of knowledge, unable to specify more fully than as above stated the insecure, unsafe, dangerous, and defective condition of said car, its machinery, appliances, apparatus, and parts aforesaid. And plaintiff further alleges that, while said car and its controller, machinery, appliances, apparatus, and parts aforesaid were insecure and in said dangerous, unsafe, and defective condition, the employes of defendant operating said car so carelessly and negligently operated the same as that in consequence of the aforesaid defective condition of said controller, machinery, appliances, apparatus, and parts of said car, and the careless and negligent manner in which

the same was operated by the employes of defendant at said time, there was an explosion of the controller or some other part of the apparatus of said car unknown to plaintiff, which caused said car to become filled with smoke and flames; that plaintiff is unable, for lack of knowledge thereof, to more definitely allege the negligence or carelessness of the said employes in operating said car."

The complaint was not questioned. The defendant, however, denied negligence, pleaded contributory negligence, and that the explosion was caused by a bolt or flash of lightning at the time coming in contact with the controller box located in the front vestibule of the car, causing the mechanism thereof to catch fire. By replication the plaintiff denied the material allegations of the answer, and alleged that the car was not equipped with sufficient and proper appliances for the purpose of arresting lightning, and if the car was struck by lightning, it was by reason of the negligence of the defendant.

At the close of the evidence defendant moved for an instructed verdict, which was refused, and this action of the court is presented as the first ground for reversal. The claim is that plaintiff did not prove the specific negligence alleged, and that a prima facie case for plaintiff may not arise under the doctrine of *res ipsa loquitur.* The basis of this contention is threefold: First, that having alleged a case of specific negligence, plaintiff thereby abandoned the right to the presumption arising from the rule by voluntarily taking upon himself the burden of proving the particular negligence charged; second, that the maxim may not be applied to a case growing out of the use of complicated machinery such as that here involved; and, third, that the evidence was insufficient to carry the case to the jury.

We think plaintiff has pleaded negligence both generally and specifically, and, if he has proved either, has established a cause of action against defendant. The cause of action was the injury sustained by plaintiff through the negligence of defendant and whether the former charged such negligence specifically, generally, or both, is imma-

terial when, as here, the manner of pleading was not questioned by defendant. Had plaintiff in one count alleged negligence generally as the cause of his injury it is clear that he could rely upon the maxim to establish it. It is equally certain that, had he, in a different count, set forth his cause of action by allegations of specific negligence, he could rely upon any pertinent evidence to establish the same. *Colorado & Southern Railway Co. v. Jenkins,* 25 Colo. App. 348, 138 Pac. 437. The legal presumption, when applicable, is conditioned on the absence of other evidence of negligence, not on the absence of averments of negligence in the complaint, and a party may rely upon it, even though his pleading states the facts of the negligence of which complaint is made, if such facts are the ones which the legal inference of negligence tends to establish. *Walters, by Guardian Ad Litem, v. Seattle R. & S. Ry. Co.,* 48 Wash. 233, 93 Pac. 419, 24 L. R. A. (N. S.) 788, and cases cited in the note thereto approving this view. The presumption is simply a rule dispensing with actual evidence in the first instance, and applies where the circumstances, unexplained, point to negligence and would justify an inference thereof. *Kansas Pacific Ry. Co. v. Miller,* 2 Colo. 442, 457, 458.

Therefore under general allegations of negligence the application of the maxim would necessarily require a defendant to come forward with sufficient proof to overcome the presumption by showing a state of facts from which the jury would not be justified in inferring that any negligence of the defendant caused the accident from which the injury resulted; while under allegations of specific negligence only the burden of defendant would be discharged when from all the evidence the jury would not be warranted in finding that the accident causing the injury was due to the specific negligence alleged. *Kluska v. Yeomans,* 54 Wash. 485, 103 Pac. 819, 132 Am. St. Rep. 1121; *Dearden v. San Pedro, L. A. & S. L. R. Co.,* 33 Utah 147, 93 Pac. 271.

The allegations of general and specific negligence were in no wise inconsistent, and proof of the specific negligence alleged would in no sense be adverse to the presumption

arising from the facts of the accident, but entirely consistent therewith.

The contention of plaintiff in error that the complicated character of the machinery involved excludes the application of the doctrine of *res ipsa loquitur* does not meet our approval.   The case of *Beebe v. St. Louis Transit Co.,* 206 Mo. 419, 103 S. W. 1019, 12 L. R. A. (N. S.) 760, cited in support of the contention, is not in point.   In that case the plaintiff, the injured party, was the servant of the defendant and in actual control of the mechanism in which the explosion causing the injury occurred.   An entirely different situation arises where, as here, the injured party was a passenger upon the car of a common carrier, and such injury was occasioned by an explosion of unusual severity and character in machinery wholly within the control of the carrier.   The following cases are directly in point: *Chicago Union T. Co. v. Newmiller,* 116 Ill. App. 625, affirmed in 215 Ill. 383, 74 N. E. 410; *Firebaugh v. Seattle E. Co.,* 40 Wash. 658, 82 Pac. 995, 2 L. R. A. (N. S.) 836, 111 Am. St. Rep. 990.

In the instant case there was a contract relation between the parties, with the resulting duty of the carrier to exercise the highest degree of practicable care and skill to transport the plaintiff safely.   The rule requiring such degree of care would be of little value if it were not enforced in judicial administration by a correlative rule of evidence. The application of the latter rule to a given case is simply a matter of common sense.   It may, and usually does, apply where an unusual or unexpected accident happens caused by machinery under the exclusive management or control of a defendant.   Under such circumstances the accident speaks for itself, and creates a presumption of defendant's negligence.   It is not alone the injury, however, but the manner and circumstances thereof, that give rise to the presumption.   In such cases the *res* includes the attending circumstances, and the application of the rule of *res ipsa loquitur* involves principally the question and sufficiency of circumstantial evidence to justify the jury in inferring the

existence of the principal fact at issue—the defendant's negligence.

The doctrine does not dispense with the necessity that the plaintiff prove the fact of negligence, but is itself a mode of proving negligence, and is therefore evidence. *Lyles v. Brannon Car Co.,* 140 N. C. 25, 52 S. E. 233. It simply carries the case to the jury permitting it to infer negligence and find on all the evidence whether plaintiff has sustained the burden of proof. *Ross v. Cotton Mills,* 140 N. C. 115, 52 S. E. 121, 1 L. R. A. (N. S.) 298. In the case at bar there can be no question that the physical facts surrounding the accident were such as to create a reasonable probability that the accident was the result of defendant's negligence. When plaintiff showed the physical act of an explosion in the controller and the relation of defendant to that instrument, the conclusion that negligence superinduced the accident followed as a legitimate deduction of fact, and the plaintiff, notwithstanding defendant's attempted exculpation, was not under the necessity of showing the particular negligence that produced the explosion in order to carry the case to the jury. As said in *Cook v. Newhall,* 213 Mass. 392, 395, 101 N. E. 72, 73:

"The whole body of the evidence may be such that no particular negligence can be found, and yet the accident may indicate some negligence, the details of which cannot be ascertained."

And in *Cassady v. Old Colony St. Ry. Co.,* 184 Mass. 156, 163, 68 N. E. 10, 12 (63 L. R. A. 285) it is said:

"* * * If at the close of the evidence the cause does not clearly appear, or if there is a dispute as to what it is, then it is open to the plaintiff to argue upon the whole evidence, and the jury are justified in relying upon a presumption, unless they are satisfied that the cause has been shown to be inconsistent with it. An unsuccessful attempt to prove by direct evidence the precise cause does not estop the plaintiff from relying upon the presumptions applicable to it."

To the same effect is *Sullivan v. Rowe et al.,* 194 Mass. 500, 80 N. E. 459.

No one claims that the defendant was under the necessity of showing the actual cause of the accident. It could escape liability by showing that through no fault of it did the accident occur. The true rule is tersely stated in *Gleeson v. Virginia M. R. R. Co.,* 140 U. S. 435, at page 444, 11 Sup. Ct. 859, 862 (35 L. Ed. 458), where Mr. Justice Lamar, speaking for that high court, says:

"The law is that the plaintiff must show negligence in the defendant. This is done prima facie by showing, if the plaintiff be a passenger, that the accident occurred. If that accident was in fact the result of causes beyond the defendant's responsibility, or of the act of God, it is still none the less true that the plaintiff had made out his prima facie case. When he proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation, whether disclosed by the one party or the other. They are its matter of defense. And it is for the jury to say, in the light of all the testimony, and under the instructions of the court, whether the relation of cause and effect did exist, as claimed by the defense, between the accident and the alleged exonerating circumstances."

Of course, a case may arise where the court should peremptorily instruct the jury to find for the defendant or to nonsuit the plaintiff, and if it did not do so it would be error. Such would be true where the plaintiff's own evidence shows that the accident was due to a cause beyond the control of the defendant, as the presence of *vis major* or the act of a stranger or his own contributory negligence. It would be equally true where from the undisputed evidence of the entire case but one conclusion would be justified. The question of negligence would then become a matter of law to be determined by the court, and such is the case of *D. & R. G. R. R. Co. v. Andrews,* 11 Colo. App. 204, 53 Pac. 518, and *Pullman, etc., Co. v. Freudenstein,* 3 Colo. App. 540, 34 Pac. 578. In the former case the undisputed

evidence showed that the cause of the accident was *vis major,* to wit, a snowslide in territory where snowslides had not occurred before; and in the latter case an overcoat was lost in a Pullman car occupied at the time by several passengers and in charge of a porter, and it was held that the simple fact of the disappearance of the overcoat did not render the company liable. In that case the facts of the loss of the overcoat—the passengers on the train having access thereto as well as the servant of the defendant— were not of such an unusual nature as to justify the inference that such loss was due to negligence on the part of the master. Clearly neither of these cases are applicable to the facts of this case. Other cases relied upon in support of the contention that the case should not have been submitted to the jury are equally irrelevant. In fact, *Omaha Street Ry. Co. v. Boesen,* 74 Neb. 764, 105 N. W. 303, 4 L. R. A. (N. S.) 122, while stating that:

"When the proof of such accident (where the doctrine of *res ipsa loquitur* applies) is met by proof of other facts and circumstances making it equally probable that it was the result of causes wholly beyond the control of the defendant, and which no human skill and foresight could have guarded against or prevented, one probability offsets the other, and the affirmative of the issue, in the absence of other evidence tending to establish it, stands, just as it stood at the beginning of the controversy, not proved,"

—nevertheless holds that whether such matters have been established must be determined by the jury. 74 Neb. 766, 768, 105 N. W. 304, 4 L. R. A. (N. S.) 122. The above language from that opinion was upon the correctness of an instruction that:

"It devolved upon the defendant to show by a preponderance of the evidence that the injuries were not due in any degree to a failure on the part of the defendant to exercise the utmost care, diligence, and foresight for the safety of its passengers."

And it was very properly held that the instruction placed a greater burden upon the defendant than the law imposed,

as it devolved upon plaintiff to establish his case by a preponderance of the evidence. 74 Neb. 766, 105 N. W. 304, 4 L. R. A. (N. S.) 122, supra. The defendant, however, had "asked the (trial) court to instruct the jury to the effect that, although they found that the car was derailed, yet if they found that at the time and place of the accident the car and track were in good order and condition, and without defect or imperfection, the presumption arising from the derailment of the car would be thereby overcome," and the appellate tribunal (74 Neb. on page 768, 105 N. W. 304, 4 L. R. A. [N. S.] 122), said:

"It was not error to refuse this instruction, because it ignores the inference of negligence in the operation of the car which the jury might legitimately draw from the fact of derailment."

In *Goss v. Northern Pacific R. Co.,* 48 Or. 439, 441, 87 Pac. 149, 150:

The case "made out by the testimony of the plaintiff and all the other witnesses was simply the sudden closing of a car door, the fastenings of which were in good repair, on a train moving at the usual rate of speed, and without any proof that it was due to the negligence of the defendant or of any facts from which an inference of negligence could be drawn."

The court points out that ordinarily the mere fact of an accident does not *per se* raise a presumption of negligence, but often negligence may be implied from the facts and circumstances disclosed, and continues:

"Thus, where the evidence shows that the defendant had the exclusive management and control of the thing which caused the injury, or where it appears that the accident occurred through some defect in the vehicle, machinery, roadbed, or appliances, the circumstances, if unexplained, may be sufficient to justify a jury in drawing the inference of negligence, under the rule of *res ipsa loquitur.* * *. * But in nearly, if not quite, every case that has come under our notice in which the rule has been applied, it appeared either that the thing causing the injury was under the ex-

clusive control of the defendant, or that the injury resulted from the breaking of machinery, the derailment of cars, or something improper or unsafe in the appliance or the conduct of the business; in other words, that it was not the injury alone from which the negligence was presumed, but the manner and circumstances under which it occurred, which justified the application of the maxim."

It is then said that:

"The car door which caused the injury to the plaintiff was not under the exclusive control of the defendant, but was being constantly used ·by passengers boarding and alighting from the train and in going from one car to another, and there is no evidence ·that it was or had been opened or fastened by the defendant's employes, and not by a passenger."

The evidence would warrant but one conclusion, the failure of the plaintiff to supply the burden of proof. The attending circumstances which were a part of the *res* exonerated the defendant of the charge of negligence.

*Green v. Urban Contracting & Heating Co.,* 106 App. Div. 460, 94 N. Y. Supp. 743, is equally inapplicable. The machinery of an elevator was in perfect order, and a tenant of the building on coming to work in the morning found the elevator standing at a floor, with the door open, and, while waiting for the operator to arrive, he stood partly on the elevator and partly on the floor, talking to persons in the elevator, and for some unaccountable reason the elevator started, whereby he was killed. It is pointed out in the opinion that there was no invitation to the party killed to place himself in the position of danger and that:

"In the absence of the elevator boy, these men (the deceased and his associates to whom he was talking) had no business in the elevator. It stood there empty, without any one in control of it, and was not in a condition for use."

And further, on page 464 of 106 App. Div., on page 746 of 94 N. Y. Supp., it is said:

"The elevator boy at the time had gone down into the cellar, and was preparing for his day's work. The elevator

had not been used on this morning. No one had been invited on this morning to use it, and, until the boy whose duty it was to operate the elevator had arrived and taken charge of it, it was not in a condition to be used."

The holding is (106 App. Div. 466, 94 N. Y. Supp. 747) that:

"* * * The plaintiff's intestate was guilty of contributory negligence, as a matter of law, in placing himself in this position with one foot upon the elevator and the other on the floor of the building, when there was no one in charge of the elevator, and it was his negligence that caused the injury."

In *Stearns v. Ontario Spinning Co.,* 184 Pa. 519, 39 Atl. 292, 39 L. R. A. 842, 63 Am. St. Rep. 807, after stating that no contractual relation existed between the party injured and the defendant or its servants, it is said (184 Pa. on page 523, 39 Atl. 292, 39 L. R. A. 842, 63 Am. St. Rep. 807):

"It is therefore unnecessary in this case to consider whether proof of the accident and its attending circumstances was sufficient to put the defendant to its defense; for, if any presumption of negligence had been raised by the previous testimony, it was a presumption of fact only, and was entirely rebutted by the testimony of Clement, the defendant's employe, who was the last witness called by the plaintiff."

Thus the plaintiff in his own case showed the nonliability of the defendant. Clearly then, this case does not support the proposition for which it is cited. On the contrary, the true rule is recognized and applied to that state as shown in *McCafferty v. Railroad Co.,* 193 Pa. 339, 344, 44 Atl. 435 (74 Am. St. Rep. 690), where it is said:

"This presumption, having once arisen, remained until overcome by countervailing proof. Whether it was so overcome was a question of fact for the jury. It had the same effect in shifting the burden of proof that affirmative evidence of negligence would have had. *Penna. R. Co. v. Miller,* 87 Pa. 395; *Penna. R. Co. v. Weiss,* 87 Pa. 447;

*Spear v. P., W. & B. R. R. Co.,* 119 Pa. 61 (12 Atl. 824). In *Railroad Co. v. Weiss, supra,* it was said: 'The presumption of fact in law which carries a case to the jury necessarily leaves them in possession of the case, and although the evidence to rebut the presumption may be very strong, yet it is a matter for the jury, and not for the court.' "

*Sweeney v. Edison Co.,* 158 App. Div. 449, 143 N. Y. Supp. 636, does not discuss the question as to whether the cause should be submitted to the jury, but clearly implies that it should.   The discussion in the opinion is upon the question of a requested instruction on the part of the defendant to the effect that it was not incumbent upon it to show the actual cause of the accident.   Another case cited upon this point is *Tuttle v. C., R. I. & P. R. Co.,* 48 Iowa, 236, which is of like character, turning solely upon an instruction given that placed a greater burden upon the defendant than the law justified.   To review other cases is unnecessary.   We are quite certain that the weight of authority is that, where a passenger, who is himself without fault, is injured upon the cars of either a steam railroad or a street railway, by the failure to properly discharge its functions by any of those instrumentalities which the carrier is bound to supply, or which is the result of a failure in any respect of its means of transportation, or the conduct of its servants in connection therewith, a presumption of negligence arises as against the carrier; and if upon the whole evidence in the case different minds might fairly and honestly reach different conclusions respecting the negligence of the carrier, a court may not lawfully end the case, but should permit the jury, under proper instructions, to pass upon the question of liability.   We are equally certain that the case at bar comes within this rule.   It was not established by undisputed evidence that the explosion in the controller was caused by lightning, but only that there was a probability that it was so caused.   In fact, the evidence is in conflict as to whether or not there was any flash of lightning at the time of or immediately preceding the ex-

plosion.    Several witnesses testified that there was no lightning at the time; and there was evidence tending to show that overfeeding of the controller by the motorman, as well as defects in the attachment and appliance of the car and lightning arrester, might produce just such an explosion as that which occurred.

There was no attempt made to prove that the motorman who had charge of the car at the time of the accident was a skillful or even competent man, or that he had not overfed the controller.    It is claimed that because the evidence showed that the motorman had been employed by defendant as a motorman for 16 years, and that he said that when he saw the lightning coming direct for him he did not speed up, but was already under full headway; it was conclusively established, by undisputed evidence, that he was qualified and competent, and in no wise negligent at the particular time, and could not have suddenly overfed the controller. The facts do not warrant the conclusion.    On the contrary, it is common knowledge that competent and experienced motormen, engineers, and drivers of cars are at times negligent, and that going at "full headway" by electric car in no sense established the fact that there could not be a sudden overfeeding of the controller.    Furthermore, the motorman's competency and freedom from negligence could not be established, either by himself or by other witnesses called for that express purpose.    That which he did or did not do in the premises could be accepted in evidence, and therefrom the jury, and it only, was competent to find the truth in relation to the matter.    The law which controls upon this feature of the case is stated in an opinion of this court, *Victor v. Smilanich,* 54 Colo. 479, 484, 131 Pac. 392, 395, in the following language:

"The employes say they did not leave them (explosive caps) there; and although this testimony is not directly controverted, the jury must have determined they did, and the trial judge has ruled that the evidence was sufficient to not only submit this question to the jury, but also sufficient to justify this finding of fact by them.    It does not always

follow that because positive testimony of a witness is not directly controverted that a jury must treat such evidence as true. A witness may be contradicted by circumstances, as well as by statements of others contrary to his own. In such cases neither courts nor juries are bound to refrain from exercising their own judgment as to the probative value of his testimony."

In the case at bar the trial court refused to instruct a verdict in defendant's favor at the close of all the evidence. The jury found in plaintiff's favor, and the court thereafter, upon motion for new trial, refused to disturb that finding, and rendered judgment accordingly. In the determination of the amount or degree of certainty that must exist in the evidence to substantiate facts in issue, appellate tribunals should rely upon the judgment and perception of *nisi prius* judges and the agencies which they employ to ascertain the facts.

It is contended, however, that plaintiff was guilty of contributory negligence, as there was nothing in the situation to make a reasonably prudent person act as he did. If the plaintiff acted unreasonably, rashly, or became frightened at trivial occurrences, not calculated to alarm a person of common prudence, and thereby brought injury upon himself, the defendant is not liable. These questions, however, were submitted to the jury for determination under proper instructions, and we think there was sufficient evidence to warrant the conclusion that plaintiff's conduct at the time was not unreasonable but conformed to that of ordinarily careful men under like circumstances. *Colo. Midland Ry. Co. v. Robbins,* 30 Colo. 449, 461, 71 Pac. 371; *D. & B. P. Transit Co. v. Dwyer,* 20 Colo. 132, 36 Pac. 1106; *Chicago Union Trac. Co. v. Newmiller, supra.*

It is claimed that there was error in the admission of certain expert testimony relative to the explosion in the controller. Defendant made no objection to the introduction of this evidence, and the claim that there was error in admitting it was first presented to the trial court in the motion for new trial. Counsel are officers of the court, and are

charged with the duty of guarding. it against errors at the trial, and when they acquiesce in the admission of evidence, may not be permitted, after verdict, to claim that such evidence was improperly admitted to the prejudice of their client. If objection had been seasonably made to this evidence, the trial court might have excluded or withdrawn it from the jury. *Keener v. Wilkinson,* 33 Colo. 445, 448, 80 Pac. 1043; *Holland v. People,* 30 Colo. 94, 99, 69 Pac. 519; *Cone v. Montgomery,* 25 Colo. 277, 53 Pac. 1052.

It is claimed that the undisputed evidence established the fact that the controller was an approved device, the best in use on street railways; that it had been properly inspected and was in perfect condition immediately preceding the explosion; that the lightning arresters in use were of the best device known, and the defendant had exercised the highest degree of care reasonably to be expected from human vigilance and foresight in view of the character of the conveyance adopted and consistent with the practical prosecution of its business; and that the court in refusing to so instruct the jury at the request of the defendant, by instructions allowing the jury to pass upon such questions, committed error to the prejudice of the defendant necessitating a reversal of the judgment. We think the record does not warrant our condemnation of the court's action in the premises. While defendant's night foreman, Rowe, testified quite fully that it was part of his duty to inspect and examine the controllers, and detailed an examination of the one in question on the night before the accident, and declared it in good condition, he nevertheless stated specifically that it was not his business to make "any test of the insulation of the controller," and that he did not.

Witness Reid, day foreman of defendant, testified that it was a part of his duty to inspect and repair lightning arresters on the cars, and that he inspected the arrester in question the day after the accident, "and found that it was in good condition," without stating the things he did in making the examination. He also said that it had not been repaired in the meantime. These were legal conclusions

only. He later stated that all examinations or inspections of the arrester before the accident were made by Alonzo Henry, who was not a witness in the case. This witness further testified that when a lightning arrester is in perfect order "the lightning is supposed to discharge itself to the earth across the gap." And an expert witness for plaintiff, fully qualified, testified without objections that, had lightning struck the controller, no explosion could have resulted had the appliances been in proper condition; that the explosion in question could have been caused by a defect in the controller, or machinery, or appliances, or apparatus, or by the motorman feeding the current too fast. Furthermore, no claim is made by defendant that any inspection of this lightning arrester occurred subsequent to March 19, 1914, until the next day after the happening of the accident, which was on June 19th of the same year.

We think that under the facts of the case the questions of inspection or lack of inspection of the controller, the lightning arresters, and the insulations thereof prior to the accident were properly left to the jury. *Victor v. Smilanich, supra.*

The other objections argued have been considered, but we deem it unnecessary to discuss them here, as they are clearly without merit. It follows that the opinion of this court, heretofore entered herein should be withdrawn, and the judgment of the trial court affirmed; and it is so ordered.

Mr. Justice Scott dissents.