## MOFFATT *v.* GREEN.

Where goods have been sold, but by the terms of the contract something remains to be done to complete the sale, the property does not pass to the vendee until that is done.

But the parties may waive an exact performance.

Thus, where 6,000 cross-ties were sold, to be paid for on delivery in parcels, and *A.* was chosen to count them, and 391 were delivered and paid for, but not counted by *A.*, *held*, that the counting was waived.

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—This was an action of trover for a lot of cross-ties. *Green* was the plaintiff below, and *Moffatt* the defendant. There was a verdict for the plaintiff; and over a motion for a new trial, he obtained judgment.

The material facts proved on the trial are as follows: In *January*, 1851, *Andrew J. Christy* agreed to deliver to the plaintiff six thousand cross-ties, upon the *Madison and Indianapolis Railroad*, to be paid for as delivered, at the rate of 15 cents for each tie. One *Barr* was to count the ties. *Christy* had purchased the timber out of which to make the cross-ties, of the defendant. Under his contract with the plaintiff, *Christy* delivered a portion of the ties at the railroad, the place agreed on for the delivery. *Barr* never counted them; but it was proved that the number delivered on the railroad was 391, and that *Christy* had received from the plaintiff full payment for all the cross-ties delivered by him at the place named in the agreement. After the delivery of the ties, *Christy* gave the defendant a lien upon them for a certain amount which he was to pay for the timber, and afterwards sold the same ties to the defendant, who converted them to his own use.

The verdict is said to be erroneous, because the cross-ties were not counted as stipulated in the contract.

Where there has been a sale of goods, and, according to the terms of the contract, something remains to be done before the sale can be considered as complete, until that is done, the property does not pass to the vendee. Chit. on Cont. 376. This doctrine is correct, as a general rule; still the parties may waive an exact performance. For instance, it has been decided that where goods are sold on condition of being paid for on delivery in cash or commercial paper, and a delivery is made without exacting performance of the condition, the presumption is, that the condition is waived, and that a complete title vests in the purchaser. *Smith* v. *Lynes*, 1 Selden, 41 (1).

As we understand the contract in this case, the six thousand cross-ties were to be delivered in parcels, as manufactured, each parcel to be paid for on delivery. And we

May Term,
1857.

MOFFATT
v.
GREEN.

Wednesday,
June 3.

perceive no reason why it was not competent for the parties to the contract to rely upon their own estimate of the number of ties actually delivered, and waive the stipulation that *Barr* was to count them. At all events, the ties in question being delivered at the place agreed on, and fully paid for, were no longer the property of the vendor. It follows that, upon such delivery, the plaintiff obtained a valid title to the property, and that this action is well brought. *Cole* v. *Champaign Co.,* 26 Vt. R. 87.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*W. Herod,* for the appellant.

*H. C. Newcomb* and *J. S. Harvey,* for the appellee.

(1) PAIGE, J., who delivered the opinion of the Court in this case, cited 2 Kent, 496, 497; *Chapman* v. *Lathrop,* 6 Cow. 110 and 115, note a; *Lupin* v. *Marie,* 6 Wend. 80, in error, MARCY, J.; *Furniss* v. *Hone,* 8 Wend. 247, in error; *Carleton* v. *Sumner,* 4 Pick. 516; *Hussey* v. *Thornton,* 4 Mass. R. 405; *Smith* v. *Dennie,* 6 Pick. 262; *People* v. *Haynes,* 14 Wend. 562, in error, per Chancellor, 566, per TRACY, Sen.; *Shindler* v. *Houston,* 1 Denio, 51, JEWETT, J.; *Buck* v. *Grimshaw,* 1 Edw. Ch. 144.