No. 9266.

## SEEING DENVER COMPANY v. MORGAN.

1. PLEADINGS—*Construed.*   Allegations of negligence in the condition of an auto car of defendant, in which plaintiff was being conveyed as a passenger, *held* sufficient.

So of an allegation charging incompetency in the driver.

2. *Motion to Make More Definite and Certain,* is addressed to the discretion of the court.   The decision will be reviewed only for an abuse of discretion.

3. INSTRUCTIONS—*Construed.*   Action by passenger against carrier for personal injuries attributed to negligence.   An instruction given at the instance of plaintiff advised the jury that the uncontradicted evidence showed that while ascending a hill the automobile suddenly went backwards some distance, down the hill, and turned upon its side, thereby injuring plaintiff; that these circumstances "raise a presumption that the accident occurred through negligence on the part of defendant."   Approved, and *held* not to shift the burden of proof to defendant, but merely requiring him to rebut a prima facie case presented by the evidence on the part of plaintiff.

4. PERSONAL INJURY—*Damages—Pleading.*   The expense of being cured of a personal injury may be recovered under the general allegation of damages.

So the natural and probable consequences of the injury, tho not set up in detail.

And future pain and suffering, and the necessary medical attendance.

5. *Special Damages*—Action by passenger against carrier for personal injuries attributed to negligence. The physician who attended plaintiff was permitted to testify to the value of his services, to the necessity of a surgical operation, the reasonable value thereof, the pain attending the operation, the incidental expenses, and the duration of plaintiff's disability therefrom. All these matters were held admissible, not being in the nature of special damages within the rule in Pueblo v. Griffin, 10 Colo. 366.

6. EVIDENCE—*Burden of Proof*, remains with the plaintiff throughout the trial.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. JOHN A. DEWEESE and Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. REES D. REES and Mr. GEORGE A. CARLSON, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action to recover damages for personal injuries. The plaintiff below obtained judgment, and defendant brings the cause here for review.

The complaint alleges, and the evidence shows, that on May 7, 1916, the defendant was engaged in the business of carrying passengers for hire in automobiles between the towns of Boulder and Nederland, in Boulder County, and that, on the date above named, the plaintiff was a passenger for hire in one of such automobiles, which was then being driven and operated by an employee of the defendant. It is further alleged and proven that while plaintiff was such passenger, the automobile, while ascending a hill, suddenly went backwards some distance down the hill and turned on its side, thereby injuring the plaintiff.

To the complaint, the defendant interposed a motion to make the same more specific and certain in certain particulars relating to the negligence of the defendant and the con-

dition of the automobile. The motion was overruled, and the first assignment of error argued is that the court erred in overruling the motion.

We find no prejudicial error in the trial court's action in the respect above mentioned. Relating to the matters referred to in the motion, the complaint contains the following allegations:

"3. That at the time of the grievances herein mentioned and for a considerable length of time theretofore, said agent and employee had the sole, exclusive and complete charge of said automobile, and the operation and driving thereof, and this plaintiff further avers that said agent and employee, was, during all of said time, reckless in his management of said automobile, and wholly incompetent and unfit to be entrusted with such care, charge, or operation of said automobile, as was at all times well known to said defendant; or in the exercise of reasonable care should or ought to have been known thereto, but that the same was wholly unknown to this plaintiff.

"This plaintiff further avers that at the time when he received said injuries as aforesaid, and for a long time prior thereto, said automobile was greatly out of repair, in that a certain lever thereof, controlling the flow of steam and furnishing the power therefor, frequently and without being touched or manipulated in any manner by said agent or employee or the driver in charge of said automobile or any one else, passed from what is called the high speed thereof to what is called the reverse speed thereof, and that when said lever did so pass from said high speed to said reverse speed, it then and there instantaneously caused said car to change its direction and instead of proceeding forward, caused it immediately to proceed backward and without any warning whatsoever. That during all of said time, the condition of said car as aforesaid was well known to said defendant, or in the exercise of reasonable care, ought or should have been known to it, but that the same was at all times wholly unknown to this plaintiff."

Motions to make pleadings more definite and certain are addressed to the discretion of the court, and rulings granting or denying such motions are not reviewable except for abuse of discretion. 4 Corpus Juris.801, sec. 2758; *Mulligan v. Smith*, 32 Colo. 404, 76 Pac. 1063. In our opinion, the particulars of the defendant's negligence are sufficiently set forth in the complaint so as to preclude error in overruling a motion to make more definite and certain.

The plaintiff in error, defendant below, complains of a part of Instruction No. 3, and, in the assignments of error, claims that it "placed upon defendant the burden of proof that it was not guilty of negligence." It is also contended that, in this respect, the instruction is in conflict with Instruction No. 1.

Instruction No. 1 is conceded to be proper, and relative to the burden of proof, instructs the jury as follows:

"The burden is on the plaintiff to establish his case by a preponderance of the evidence, and if he has done so, your verdict should be for the plaintiff; otherwise your verdict should be for the defendant."

Instruction No. 3 reads as follows:

"The uncontradicted evidence shows that the plaintiff was a passenger for hire on an automobile operated by an employee of the defendant, and that while ascending a hill the automobile suddenly went backward some distance down the hill and turned on its side, thereby injuring the plaintiff. These circumstances raise the presumption that the accident occurred through negligence on the part of the defendant, and the burden is thereby cast upon the defendant to show the absence of such negligence on the part of the defendant and its driver, or that such negligence did not proximately cause the accident. Your verdict, therefore, should be for the plaintiff unless you find from the evidence that the defendant and its driver were not negligent, or if they were negligent that their negligence did not proximately cause the accident, in which event your verdict should be for the defendant."

No complaint is made of the recital of facts, or of the statement, contained in the instruction, regarding the presumption of negligence, but it is contended that by this instruction, above quoted, the burden of proof was shifted upon the defendant. This contention cannot be upheld. The instruction does not relieve the plaintiff of the burden resting upon him, on the whole case, of showing negligence on the part of the defendant, and therefore it does not conflict with Instruction No. 1 upon the matter of the burden of proof. It merely requires the defendant to rebut a *prima facie* case made against it. While the burden of proof, in the sense that the phrase means "the necessity of establishing the existence of a certain fact by evidence which preponderates" (16 Cyc. 926), rests on the plaintiff throughout the trial, yet, as stated in 29 Cyc. 599, "where plaintiff's evidence establishes a *prima facie* case of negligence, the burden rests on the defendant to overcome or rebut the presumption of negligence so established." Instruction No. 3 does no more than to correctly apply the rule last mentioned, and is in accord with the decisions of this court. *Wall v. Livesay*, 6 Colo. 465, 469; *Sanderson v. Frazier*, 8 Colo. 79, 85, 5 Pac. 632, 54 Am. Rep. 544; *C. S. & C. C. Ry. Co. v. Petit*, 37 Colo. 326, 329, 86 Pac. 121.

Error is assigned to the trial court's action in admitting the testimony of a physician to the effect that professional services rendered by him to plaintiff since the commencement of the action were of the value of $100.00; that it was necessary, in order to relieve the plaintiff from certain effects resulting from the injuries, that an operation be performed; that the reasonable value of services for such an operation would be $150; that other expenses connected therewith would be $100; that the operation would incapacitate plaintiff from performing labor for eight weeks; that plaintiff would suffer pain therefrom, and that administering an anaesthetic would be dangerous. It is contended, in effect that by reason of this testimony the defendant was required to defend against claims for damages of which it had no notice from the complaint. In this connection, the

defendant relies upon the general rule referred to in *Pueblo v. Griffin,* 10 Colo. 366, 15 Pac. 616, that to permit a recovery of special damages they must be particularly averred in the complaint. The defendant claims that the testimony, above referred to, related to special damages. The plaintiff, on the other hand, contends, in effect, that under the circumstances of this case the testimony was admissible as being proof of general damages which necessarily flow from the injuries received.

In our opinion, the view of the plaintiff is correct, the contention of the defendant cannot be sustained and it must be held that the testimony was admissible under the pleadings. The injuries received by plaintiff, and the damage and consequences resulting therefrom are described in the complaint as follows:

" * * * said automobile turned on its left side, and in so doing, threw the plaintiff therefrom in such a manner that he was pinned between the left side of said automobile and the ground, by reason whereof, he received great bodily injury and as follows, to-wit: The left side of his body, his left arm, his left elbow, his left hand, his left hip, his left thigh and his left knee and left heel, his right elbow, and also his back were severely bruised, wrenched and sprained; his scrotum and testicles were severely bruised, and he further then and there received severe internal injuries, the nature and extent of which he cannot now more particularly set forth herein. That by reason of said injuries, he suffered and still suffers great mental and physical anguish and pain, and on account thereof, he was taken immediately, after so receiving said injuries to the University Hospital at Boulder, for treatment, where he remained over night and thereafter was removed to his home in the City and County of Denver, Colorado, where he remained and there was confined to his bed under the care of physicians, for three full weeks thereafter. That prior to said injury, said plaintiff was a man of great physical strength and power, but since receiving said injuries, as aforesaid, has become greatly weakened and nervous, and is no longer able to attend to his

daily duties hereinafter mentioned, or to follow any voca-
tion or employment as efficiently as before receiving said
injuries, which said injuries, as he is informed and verily
believes, are permanent in character and that he is now and
henceforth will remain permanently, a cripple, by reason
thereof."

It is thus seen that the character of the injuries sustained
is alleged and that it is serious. Therefore, as said in 2
Sutherland on Damages (4th ed.), sec. 421, "it is to be ex-
pected that expenses will be incurred and these may be re-
covered under the general allegation of damages." In
actions for personal injuries, where the injury is alleged, a
recovery may be had for the natural and probable conse-
quences thereof, although such consequences are not set up
in detail. 17 Corpus Juris, 1007, sec. 311. In *Leonard v.
Baltimore & O. R. Co.*, 259 Pa. 51, 102 Atl. 279, it is said:

"But where the action is for injuries to the person the
jury may consider, without special averment, pain and
suffering, expense incurred for medical treatment, and loss
of time for inability to work at the usual occupation of the
injured person, inasmuch as these are the natural and usual
results of an injury."

In *Evansville, etc., R. Co. v. Holcomb*, 9 Ind. 198, 36 N.
E. 39, 14 Am. Neg. Cas., 517, the court says:

"Where one has been seriously and dangerously injured,
to wit, his hips crushed and ribs broken, as alleged in this
complaint, medical attendance is, in our judgment, a natural,
direct, usual, and reasonably necessary result, one which it
is to be expected will be incurred, and no defendant need be
surprised at such proof in such actions as this, whether the
fact be specially pleaded or not.

The foregoing case is cited with approval in *Chicago &
E. R. Co. v. Steele* (Ind. 1918), 118 N. E. 824. The latter
case quotes, as the law, the following from 8 R. C. L. 623,
sec. 165:

"It is the more reasonable and general rule that in per-
sonal injury cases expenses incurred for medical treatment
need not be specially pleaded; at least where the injury is

serious. The reason of this rule is that the description of such an injury apprises the person liable of the necessity for such services."

In view of the nature of plaintiff's injuries, as described in the complaint, the testimony in question related to the natural, direct, usual, and reasonably necessary result of such injuries, and amounted to proof of general, and not of special damages. This is true both as to the testimony concerning consequences suffered prior to the time the action was brought, and those to be suffered by the plaintiff in the future.

Error is assigned to the giving of Instruction No. 7, wherein the court instructed the jury that it "may consider what, if any, effect such injuries may have upon him in the future in respect to pain and suffering." The ground of the objection to the instruction is "that it permitted the jury to consider an element of damage not pleaded."

This assignment of error merely raises the same question as that hereinbefore discussed. The instruction is warranted by both the pleadings and the evidence. In addition to the authorities hereinbefore cited, the following text in 17 C. J. 1075, sec. 381, may be noted:

"When there is evidence in the case that there will be future effects from an injury, an instruction which justifies an inclusion of them in an award of damages is proper, as, for example, an instruction permitting a recovery for future pain and suffering."

In 17 C. J. 1012, sec. 311, in note 38, cases are cited upon the proposition that proof of the pain and suffering which an injury will presumably cause in the future is admissible under the general allegation of damages.

Error is also assigned to the trial court's refusal to give defendant's requested instruction No. 7 which limited recovery for medical and hospital services and medicines to certain items incurred prior to the bringing of the action. The instruction requested was properly refused. In this connection, the following text from 17 C. J. 805, sec. 130, is applicable:

"The jury may, in assessing damages, consider the circumstance that in the future plaintiff will be subjected to expenses for doctor's bills, nursing, and attendance, and if the condition of the person is such that further outlays for medical and surgical treatment or nursing and attendance will be required, they may give damages for such prospective expenses."

We find no reversible error in the record, and the judgment is, therefore, affirmed.

Affirmed.

Decision *en banc.*

Mr. Justice Bailey and Mr. Justice Teller not participating.