J. L. LIVINGSTON, Appellee, v. F. C. CHAMBERS et al., Appellants.

**APPEAL AND ERROR:** Review—Findings on Conflicting Testimony. A finding by the court or jury on conflicting but supporting testimony is necessarily conclusive on appeal. So held as to the freedom from negligence of the driver of an automobile and the existence of negligence on the part of the motorman of a street car.

*Appeal from Des Moines Municipal Court.*—W. G. BONNER, Judge.

JUNE 25, 1921.

ACTION for damages to plaintiff's automobile in a collision between said automobile and a street car operated by the defendants. Tried to the court without a jury. Judgment for plaintiff, and defendants appeal.—*Affirmed.*

*W. H. McHenry* and *Corwin R. Bennett,* for appellants.

*C. C. Putnam,* for appellee.

FAVILLE, J.—Forest Avenue in the city of Des Moines runs east and west. It is intersected at right angles by Twentieth Street. Upon Twentieth Street are located double car tracks. About 2 o'clock in the afternoon of January 18, 1920, appellee's son was driving a Dodge automobile east on Forest Avenue at the intersection of Twentieth Street, and attempted to turn south on Twentieth Street. At the time, the street was covered with ice and was slippery. As the driver attempted to make this turn south, the automobile skidded on the ice and turned part way around, so that it was facing to the west, with the front wheels toward the curb and the back end of the automobile upon the west track of the railway company. At this time, a street car was approaching from the north on the west track on Twentieth Street. The car struck the rear of the automobile and carried it a distance of about 30 feet. A portion of the automobile passed over the curb, and one of the wheels ·was broken. At the time the automobile was struck by the street car, the engine had stopped running. Suit was brought for injury to the automobile. The amount of damages is not in controversy. The case was tried to the court, without the intervention of a jury. The appellants urge that, under the evidence, the court should have found the driver of appellee's car to have been guilty of contributory negligence; and also that the evidence fails to show negligence on the part of appellants; and that the court could not legally find against the appellants on the doctrine of the last clear chance.

The decision of the trial court has the force and effect of a verdict of a jury, and cannot be disturbed by us where the evi-

dence is in conflict, and there is substantial evidence to support the judgment rendered. We are satisfied from the record that there was ample evidence to support the judgment of the court to the effect that the driver of appellee's car was not guilty of contributory negligence. There was evidence tending to show that he approached the intersection of the street, driving his car at a reasonable rate of speed; that he used reasonable care in making the turn at the intersection from Forest Avenue to Twentieth Street. It is true that he was driving on an icy and slippery street, without having chains on the wheels of the automobile; but this, in and of itself, under the conditions proven, would not constitute such contributory negligence as to bar recovery. We cannot say, as a matter of law, upon the record, that the driver of the car was guilty of contributory negligence, or failed to exercise reasonable care.

It is insisted that the evidence fails to show any negligence on the part of the motorman in charge of the street car that collided with appellee's automobile. Again, on this question the judgment of the trial court has the force and effect of a verdict of a jury, and is conclusive upon us, as there is evidence to support the judgment. There is evidence from which it could reasonably be found that the motorman saw appellee's car stalled on the tracks about 20 feet south of the intersection, at a time when he was more than 60 feet distant. There was evidence from which the court might have found that the motorman was operating the street car at an excessive rate of speed at the time of the collision. The evidence shows that the automobile was carried something like 30 feet by the impact, and was forced against the curb and upon the parking, and with sufficient force to break one of the wheels of the automobile. There is some evidence bearing upon the question of the speed at which the street car was being operated.

The case in some of its features is similar to the case of *Bensing v. Waterloo, C. F. & N. R. Co.*, 190 Iowa 1233. The evidence in respect to the speed of the street car and the distance the automobile was carried is in conflict, but the conclusion of the trial court has substantial support in the evidence.

It is contended that the doctrine of the last clear chance does not apply, because of the pronouncement by this court that

such doctrine is not applicable until actual discovery of the negligence or peril of the injured party by the person charged with negligence. We are cited to our holding in *Claar Trans. Co. v. Omaha & C. B. S. R. Co.*, 191 Iowa 124. The instant case is within the rule of the cited case. The motorman testified that he saw the automobile on the track in front of the car. He estimated the distance to have been about 20 feet, but he also testified that he saw the car at the time it skidded and turned upon Twentieth Street. It was a fact question, to be determined under the evidence, whether, under the circumstances, the motorman could have averted the injury after he knew of the situation of appellee's car.

The case presents for our consideration only questions of fact. The judgment of the trial court has substantial support in the evidence. We cannot interfere with the conclusion reached, and the judgment must, therefore, be—*Affirmed*.

EVANS, C. J., STEVENS and ARTHUR, JJ., concur.