BENJAMIN KLAUBER, Appellant, *v.* HAROLD M. JACKSON, Respondent.

Supreme Court, Appellate Term, First Department, April 9, 1925.

**Motor vehicles — injuries to guest — plaintiff injured when automobile proceeding at speed permissible under Highway Law, § 287, skidded and overturned on highway — plaintiff not guilty of contributory negligence in not anticipating every contingency on journey — judgment for defendant reversed.**

A judgment in favor of the defendant, in an action by the plaintiff, a guest, for injuries suffered in an automobile accident, should be reversed, where it appears that the automobile, proceeding at a rate of speed permissible under section 287 of the Highway Law, skidded and overturned, without any intimation to the plaintiff that an accident would happen, since it cannot be said that he was called upon to anticipate every contingency upon the trip. Nor was plaintiff guilty of contributory negligence, since when the contingency arose it was obviously too late for him to interfere with defendant's manner of driving in any practical way.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, in favor of defendant, after a trial before a judge without a jury.

*Morris Wolf,* for the appellant.

*William Butler* [*George F. Hickey* of counsel], for the respondent.

PER CURIAM:

Plaintiff, a guest in defendant's automobile, sues for injuries received when the vehicle turned over. The accident occurred at an early hour in the morning on a country road. The road was

not familiar to the plaintiff. The car had been proceeding at a rate, according to the plaintiff, of thirty miles per hour, which is not an excessive rate. (Highway Law, § 287.) Defendant proceeded down a long slope at that rate of speed and midway of the hill found a car stalled in the center of the road. He passed to the left of that vehicle, and in attempting to regain the crown of the road his car skidded and struck the embankment and overturned. There was a fine drizzle which had wet the roadway.

The learned trial court in an opinion has decided in defendant's favor upon the authority of *Sheehan* v. *Coffey* (205 App. Div. 388). That case was one in which the plaintiff was held guilty of contributory negligence for failure to warn the driver of a rate of speed (over fifty-five miles an hour) which was plainly excessive, and in default of a reduction in the car's speed, for failure to have insisted upon being allowed to get out. In two other cases cited by respondent, namely, *Clark* v. *Traver* (205 App. Div. 206), the rate of speed was over thirty-five miles an hour, and *Joyce* v. *Brockett* (205 id. 770), it was over fifty miles an hour. The instant case is clearly distinguishable. The rate of speed here involved was expressly permissible under the statute. It is difficult to understand, therefore, what respondent would have had the plaintiff, appellant, do under the circumstances. His counsel actually concedes in his brief that " There would have been no mishap had it not been for the other car which was stalled across the roadway." Surely plaintiff cannot be charged with contributory negligence in not having anticipated every possible contingency that might arise in the course of the trip, and in not giving a continuous course of advice in driving in case of the intervention of unforeseen circumstances. When the contingency arose it was palpably too late for the plaintiff to interfere in any practical way. We do not even need to pass upon the question whether the rate of speed was in itself a contributory cause of the accident or whether it was due to some other negligence or unskillfulness of the driver. The fact is clear that under the circumstances plaintiff was not called upon to either advise or interfere in any way.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MITCHELL and PROSKAUER, JJ.