IRA R. SMITH, Respondent, *v.* ALEX LEVISON, Trading as SULLIVAN COUNTY PRODUCE COMPANY, Appellant.

Third Department, January 17, 1928.

**Motor vehicles — collision — automobile of third person skidded on hill in night time and after turning about ran into ditch on right side of road — plaintiff pulled said automobile out of ditch — automobile of third person was facing up hill on right side of road and plaintiff's automobile was facing down hill on same side — highway was very slippery — chauffeur of defendant's truck, when he saw situation of automobile, applied foot brake and truck skidded — chauffeur turned to left but could not avoid striking plaintiff's automobile — application of brakes not negligence.**

The plaintiff brings this action to recover for damage caused by one of defendant's motor trucks which skidded on a hill and struck plaintiff's automobile. It appears that a third person while driving down the hill in the night time skidded

his automobile, which turned completely around and went into the ditch. The plaintiff helped said third person to draw his automobile back on the highway, and as the automobiles then stood, the automobile of the third person, with lights on, was facing up hill on the northerly or right side of the road and plaintiff's automobile was just below, facing down hill on the same side of the road. The defendant's truck, going westerly down the hill, approached the two automobiles, and as soon as the chauffeur saw the situation he applied the foot brake lightly, but the hill being very icy and slippery, the truck skidded, and while he endeavored to turn to the left to avoid hitting the two automobiles, the truck continued to skid and struck the automobile of the plaintiff. The undisputed evidence is that the defendant's chauffeur, as he reached the top of the hill, and before he saw the two automobiles, placed his engine in low gear and applied the emergency brake, and that he was approaching at a slow rate of speed down the hill.

It was error for the court to charge the jury, in effect, that the application of the brakes by defendant's chauffeur constituted negligence and was the proximate cause of the accident. Whether or not the application of the brakes caused the truck to collide with plaintiff's automobile is a mere matter of guess. The conclusion is justified that the real cause of the accident was the slippery surface of the highway and not the application of the brakes to defendant's motor truck.

DAVIS and WHITMYER, JJ., dissent.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Sullivan on the 23d day of May, 1927.

*Grattan B. Shults* [*Harold V. Angevine* of counsel], for the appellant.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the respondent.

VAN KIRK, J. In February, 1927, Mr. Grier and his wife were driving westerly down a rather steep grade called Bridgeville hill. The surface of the road was icy and slippery. His car skidded, turned about and went into the ditch on the northerly, that is, the right-hand side of the road. Plaintiff, shortly thereafter, and shortly before ten P. M., saw Grier's car in the ditch and pulled it out with his car. Grier's car was backed a short way down the hill and thus stood facing easterly or up the hill and plaintiff's car stood facing down the hill; both cars were on the northerly side of the road and only partly on the macadam. The defendant's truck was going westerly down this hill. The truck skidded and struck the plaintiff's car, causing the damage complained of. The defendant was not present at the time of the accident. His truck was being driven by his chauffeur; for convenience I shall refer to him as the defendant.

The complaint specifies no negligence whatever. The allegation is that " the defendant was operating his said automobile   *   *   * in such a careless, negligent and unlawful manner that he ran into the car of this plaintiff which was standing on plaintiff's right of the highway." In the bill of particulars it is charged that

" The defendant was driving his car at an excessive rate of speed and did not have proper control of it. He applied his brakes at a time when he should have known it was dangerous to do so." Under section 5 of the bill of particulars it is charged that defendant violated certain specified sections of the Highway Law and of the General Highway Traffic Law; but I have examined these sections and find no provision thereof which the defendant is shown to have violated. I find no evidence in the record that defendant was driving at an excessive rate of speed and that he did not have proper control of his truck, nor does the court in his charge refer to these as a ground of negligence on the part of the defendant. If he is chargeable with negligence it is solely in that " he applied his brakes at a time when he should have known it was dangerous to do so."

Before discussing this charge of negligence we observe that there was no defect in the truck or any of its parts alleged or proven. It is not alleged, but there is some testimony that the chains on defendant's truck were in bad condition. But it is common knowledge to those who drive cars that chains are valueless to protect against skidding when once skidding has started; if the wheels are locked and the surface of the road is so slippery that there is no traction between the surface of the wheel and the surface of the road, chains are valueless. Also in the charge there is nothing to indicate that the condition of the chains was suggested to the jury as a ground of negligence.

We return then to the one charge of negligence. The court charged the jury that the highway was icy, the grade was steep and the highway had turns in it. It said: " There seems to be no dispute but that the car did skid; " it is undisputed that the brakes were applied, with the result that the truck did skid. These " are facts which you have a right to take into consideration, together with all the other conditions which existed upon this highway at that particular time and place in determining whether or not the defendant was negligent in the operation of the truck." These are the sole circumstances which the court called to the attention of the jury to be considered as the grounds for finding the defendant negligent. The question is: Was the defendant negligent because he tightened the brakes and if so was that negligence the proximate cause of the accident? The defendant is not chargeable with the condition of this road, nor is he chargeable with any further duty than to use reasonable care to avoid doing injury to this plaintiff's car; and this reasonable care must be measured by the surrounding circumstances. He was driving down this grade in the night time, on the surface of a road which was so slippery that Grier a few

minutes before ditched his car thereon.   No emergency presented itself to Grier and yet his car skidded.   Defendant, before he began to descend this hill, had no information that there was an obstruction before him on his side of the road.   Yet at the crest of the hill he took the usual precautions against accident thereon. His chauffeur testified: " I stopped on top of the hill, put it in low gear, used the emergency brake to hold the motor from racing when she is in gear; as I came down, I seen the bright lights of the one car, and as I got closer I saw the other, it was then too late, I applied my brakes to stop, and my wheels locked, so I pulled to my left to go out around them, my front end went out but the slope of the road carried the rear end, and as it carried it around it smashed into these people's cars."   The emergency brake was thus on from the top of the hill.   When later he applied the brake, he used the foot brake, not the emergency.   He applied it lightly, to avoid locking the wheels.   This is the testimony of the defendant, but it is not disputed, nor do the succeeding happenings tend to discredit it; also it is the only testimony in the case that the brakes were set.   When the surface of the road is very smooth there is no traction between the wheel and the road.   The wheel will lock with a slight application of a brake.   When the wheels lock, a car will skid on a smooth surface with or without chains.   A driver is helpless in such case in the skidding car.   The bright headlights of the Grier car were facing defendant; those of the plaintiff's car were not.   Plaintiff's car showed only the red light which indicated a car going west, as defendant's truck was.   He saw the bright lights of the more distant car first; when he saw the plaintiff's car he was close to it.   He had to act quickly.   He turned to his left to avoid hitting the car, applied his foot brake lightly and his car skidded.   Was he negligent in so applying his foot brake? When one looks at the lights of an automobile on the road directly ahead of him, it is very difficult to tell whether or not that car is moving.   That the defendant did not instantly realize the significance of the lights before him is no element of negligence on his part.   That this truck when skidding toward the other car seemed to be going fast is not proof that it was going at an excessive rate of speed when it began to skid, or that the defendant was driving negligently.   When the truck began to skid it was a comparatively short distance from the plaintiff's car.   It certainly was not negligent for the defendant to attempt to turn his truck to the left so that he would not collide with the car he saw before him.   Quite plainly it was when this turn to the left was made that the rear of the truck began to swing to the right.   If the pressure of the foot brake contributed to the swinging of the car

the question would be whether he was negligent in so attempting to hold his truck from plunging down the hill or from colliding with plaintiff's car. That his truck so skidded was not his negligence. It may be that, if he had not applied his foot brake and had let the truck run under its own momentum, he might possibly have passed the plaintiff's car without a collision; but is a man chargeable with negligence because, in this instant emergency, he did not realize that a slight pressure of the brakes would lock the wheels and, if it did, that his truck would be more likely to skid? Of course no one can say that, if he had not applied his brakes, the collision would not have occurred. We can only guess that it might not have occurred. It seems to me that the only reasonable conclusion is that the real cause of this accident was the very slippery surface of this hill. Had it not been for this slippery surface we have no reason to believe that the accident would have happened. Certainly the slippery surface was a proximate cause of the accident. I cannot think that the locking of the wheels under the circumstances was also a proximate cause for which the defendant is responsible. In any event it seems to me that nothing more substantial than a guess supports an opinion that the tightening of the brakes was the cause of the accident. As I read the evidence the skidding began when the defendant turned his truck to the left, then in the hope of controlling the truck he tightened his brake. If he had gone straight ahead his truck would not have skidded. Because he attempted to avoid a collision and turned his car it did skid. It may be that a very skillful driver under the circumstances would not have used any brake and should have taken his chances in letting the truck run freely; but I do not believe it is negligence because a man who is not a most skillful driver is driving a truck and I think many men, who are perfectly competent to drive a truck, would have tried to check the speed of the truck and its skidding by applying the brakes under the circumstances here presented.

The judgment should be reversed for failure of proof of negligence on the part of the defendant which was the proximate cause of the accident.

COCHRANE, P. J., and HINMAN, J., concur; DAVIS and WHITMYER, JJ., dissent.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.