LESLIE V. HAMMOND, Plaintiff, *v.* LESLIE J. D. HAMMOND, Defendant.

Supreme Court, Chemung County, July 20, 1929.

*Mortimer L. Sullivan*, for the plaintiff.

*Mandeville & Personius*, for the defendant.

SENN, J. This is an action to recover damages for the death of the plaintiff's wife who was killed in an automobile accident, alleged to be due to the negligence of the defendant, who is a son of the plaintiff and of the deceased. The parties reside in Elmira.

On October 3, 1927, Mrs. Hammond, Mrs. Thena Ford, a neighbor, and the defendant were on an automobile trip in Michigan,

visiting relatives. The defendant owned the car and had driven it all the way. He was twenty-four years old and had had some experience in driving a car.

Mrs. Ford was the only witness to the occurrence who was sworn on the trial. The defendant was present in court but was not called.

According to Mrs. Ford's version the party started on the return trip at about five-thirty o'clock in the morning. Mrs. Hammond rode on the front seat with her son, sitting at his right and Mrs. Ford sat on the rear seat. Soon after they started it commenced to rain and was misting at the time of the accident. At about nine to nine-thirty o'clock they were proceeding along a concrete highway, the usual State highway, which was somewhat wet from the rain, going down a slight grade, when suddenly the car commenced to skid and swerved around to the left, hitting the guard rail on the opposite side of the road with sufficient force to throw Mrs. Hammond out of the car, causing her death, and threw Mrs. Ford's head up through the "window or top."

There was a car coming from the opposite direction just before the accident. Mrs. Hammond lay on the pavement on the side farthest from where the rail was collided with. The exact course that the car took after it began to skid does not definitely appear, except the other car hit the rear end of the Hammond car after the latter hit the post. Neither does it appear whether the approaching car had anything to do with the accident.

Witness was no judge of speed but said they were going at ordinary speed. It did not impress her as fast, defendant drove at ordinary speed all the way out there. The car had not skidded that morning before the accident.

On the direct examination, witness had on questioning been led to say that defendant turned the car to the left, but on cross-examination she said she could not tell, but the car turned to the left and hit the guard rail, she did not mean to say that he turned the wheel, she could not tell as to that. The car took a course to left. Originally she had referred to it as skidding.

At the close of the plaintiff's case a motion for a nonsuit was made on the ground that no cause of action had been established. This was denied and the question left to the jury.

If this verdict is to stand it must be upon the doctrine of *res ipsa loquitur*, "the thing speaks for itself." That is to say, that without direct proof of negligence, an accident which would not ordinarily happen in the exercise of due diligence, may take place under circumstances which justify a finding that there must have been negligence. In other words, negligence may be proven by circumstances as well as by direct testimony of omissions or overt

acts. Accidents may and do happen in a manner and under conditions which are unexplainable except on the theory of negligence. How far this doctrine can be carried is often a nice question, and the cases are not entirely in harmony.

There is much dictum to the effect that mere skidding of an automobile is not of itself evidence of negligence. (*Iannone* v. *Weber-McLoughlin Co.*, 186 App. Div. 594, 597.) On the same proposition defendant's counsel has cited *Philpot* v. *Fifth Avenue Coach Co.* (142 App. Div. 811); *Rango* v. *Fennell* (168 N. Y. Supp. 646); *Froelich* v. *Trevor* (219 App. Div. 863); *Anderson* v. *Schorn* (189 id. 495; affd., 231 N. Y. 590); *Smith* v. *Levison* (222 App. Div. 310), and *Tooker* v. *Fowler & Sellars Co.* (147 id. 164).

In none of these were the facts precisely the same as in the instant case. The *Philpot* case was one of skidding on a slippery pavement and an ineffectual attempt by the chauffeur to stop the large automobile stage he was driving. A new trial was ordered largely on account of the misconduct of plaintiff's counsel. The *Froelich* case was one where the defendant was driving down a steep grade on a road which was slippery and had been rounded up, where in fact it was difficult to see how the driver could have avoided skidding. In *Smith* v. *Levison* (*supra*) the highway was icy, the grade steep and the road had turns in it. There was some criticism that the defendant applied his brakes at a time when he should have known it was dangerous to do so. The *Anderson* case, in view of the disposition made, throws no light on the question here. The *Tooker* case was entirely dissimilar in its facts.

Plaintiff's counsel cites on the proposition *Klauber* v. *Jackson* (124 Misc. 738); *Chapman* v. *Cavanaugh* (218 App. Div. 807), and *Howard* v. *Reid* (225 id. 399).

The *Klauber* case was decided in the Appellate Term, First Department, and reversed the judgment of the Municipal Court for holding that the plaintiff was guilty of contributory negligence in not warning defendant as to his speed which was thirty miles per hour and not unlawful. There is a possible inference, but no direct holding, that the skidding of defendant's car was evidence of negligence. The *Chapman* case was a memorandum decision and I have not the facts before me. *Howard* v. *Reid* (*supra*) was a case where the driver in attempting to enter his driveway collided with a tree. It was evidently due either to carelessness or lack of skill of the driver.

It is argued for plaintiff that the instant case was one of more than mere skidding; that the force with which Mrs. Hammond was thrown out indicates excessive speed, and that the road being of concrete and practically level, there was no reason why defendant

should skid or turn and that, therefore, it must necessarily have been an act of negligence.

The question of speed I do not consider to be in the case. A very ordinary rate of speed would be apt to result seriously in a collision with a solid object.

As to the other proposition, it is to my mind more than doubtful, but I suspend judgment on that for the present.

I feel that the verdict should be set aside and a new trial ordered on the ground that the jury may have drawn the wrong inference or inferred too much from the charge of the court as to the fact that the defendant was not sworn as a witness. I believe the charge to have been legally correct so that if carefully read and correctly understood, it would not have given rise to any wrong inferences. The omission to call the defendant was cause for taking such evidence as there was in the case, and which if untrue he might have contradicted or explained, most strongly against him, but it could not be considered as supplying any deficiency in the plaintiff's proofs. (*Bleecker* v. *Johnston*, 69 N. Y. 309.) This was explained to the jury but not with sufficient clarity. In view of the closeness of the question of negligence, they should have been told this in so many words.

The verdict must be set aside and a new trial ordered, with costs to abide the event.

Submit order accordingly.