No. 12,491.

CLUNE *v.* MERCEREAU.

(1 P. [2d] 101)

Decided June 15, 1931.

Mr. Q. D. Bonner, for plaintiff in error.

Mr. Ivor O. Wingren, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Mary Clune sued Frank E. Mercereau to recover $5,000 damages for the death of her husband, alleged to have been caused by defendant's negligence in operating his automobile. Plaintiff here seeks to review a judgment of nonsuit.

The complaint charged that on the 9th day of October, 1926, defendant owned and was operating an automobile on a public highway between Carbondale and Marble in Garfield county; that William Clune, deceased, accompanied him as his guest; that "when said automobile of the defendant reached a point on said highway known and referred to as Bunker Hill, the defendant failed, refused and neglected to use ordinary care and caution and so negligently, carelessly and unskillfully drove, operated, managed and controlled said automobile as to cause it to leave the road, overturn and be precipitated down a steep hill, whereby the said William Clune was thrown from said automobile and was cut, crushed, bruised and injured and was cast upon the ground and killed."

The defendant's answer denied negligence and alleged that the death of William Clune was the result of an unavoidable accident, reciting particulars. The only evidence given as to how the accident occurred was that of

defendant, when called for cross-examination under the statute. He testified that the deceased, whom he knew intimately, was accompanying him on a deer hunting trip; that the accident occurred about 1:30 p. m. on October 9, 1926, near Redstone on the road from Carbondale to Placita; that he had owned the car he was driving about five or six months and previously had owned a Dodge and a Ford automobile. He was interrogated as follows:

"Q. Tell the jury in your own words, what occurred just prior to the accident in which Mr. Clune met his death. A. Well, at that point of the road was a pretty steep grade. I was using the intermediate gear and near the top, or what looked like the top of the road, the grade of the road increased. As I came to that, the car slacked and I attempted to change into low gear. She wouldn't make the grade and immediately started back. I applied the brakes and they would not hold the car. I attempted to drive it around like this (indicating), to drive the car into the bank to stop it. The road was slippery and she struck the bank and the front wheels rolled over the edge of the bank. And I teetered around for space a second or so and then, the only way I can account for what happened afterwards, the bank gave under the weight of the car. The formation of the road is what they call soapstone shale. I had never heard of it myself until it was mentioned to me. When we started to slide down, I attempted to hold the car straight. I thought if I could we would go into the river and everything would be all right except we would get wet.

"Q. You say you attempted to change gears. Did you fail to make the change? A. I failed to make the change.
* * *

"Q. Do you know the condition of the road at this point of the road? A. It was the first time I seen it and I have never seen it since.

"Q. Was there or was there not any mud there at that

time? A. It is a shale. There was not much mud, but it was mighty slippery.

"Q. As the road goes up the hill, it becomes narrower, does it not, Mr. Mercereau? A. Yes.

"Q. You say it was a rocky road you were on? A. It was all rocks.

"Q. And there was no mud on it? A. Enough to make a slippery road."

Jesse Johnston, a railroad employe, testified that he made an examination of the road; that it was composed of a mixture of small gravel and clay and dry at the point where the automobile left the road, and that there a very small edge of the road had sunk. No further evidence was offered to prove the cause of the accident.

Did the court err in granting defendant's motion for nonsuit?

The alleged negligence upon which the plaintiff bases her right to recover consisted only in defendant's failure to exercise reasonable care in the operation of his automobile as a result of which her husband was killed. Subjecting defendant's undisputed testimony to the most careful examination and consideration, it fails to disclose the negligence charged. It is common knowledge among automobilists accustomed to driving over steep mountain roads that notwithstanding the exercise of reasonable care, it sometimes happens in ascending a steep, unknown road, upon shifting from intermediate to low gear, the car stalls. Various causes may produce this result; for example, lack of traction caused by the condition of the road or tires, insufficient engine power or speed. Therefore, the proof of such an event does not give rise to the inference that it was avoidable by the exercise of reasonable care.

When confronted with an emergency, Mercereau not only exercised reasonable care, but all possible care under the circumstances. He applied his brakes and they wouldn't hold; he backed into the bank, the edge of the road caved under the front wheels and precipitated the

car over the edge. Still retaining his presence of mind, he vainly attempted to hold the car straight as it rolled down the mountain side.

No charge is made that the car was defective or the brakes inadequate. It does not appear that the brakes were in fact defective or that they were negligently applied; rather it appears that the brakes were in good condition, but would not hold the car because of the steepness of the grade and the slippery condition of the road. The evidence fails to disclose the exact grade and condition of the road and the speed of the car at the point the gear shift was attempted. So far as the record discloses, any other man similarly situated and in the exercise of reasonable care would have acted as Mercereau did.

Plaintiff urges that res ipsa loquitur applies, citing in support thereof *Colorado Springs Co. v. Reese,* 69 Colo. 1, 169 Pac. 572; *Seeing Denver Co. v. Morgan,* 66 Colo. 565, 185 Pac. 339.

■ The contention is made that because the automobile was being driven under the exclusive management and control of defendant over a road which was customarily and ordinarily traveled with safety, that the occurrence of an unusual and unexpected accident created a presumption that it would not have happened but for defendant's negligence. This argument is untenable. An accident may be unusual and unexpected and still may not be the result of negligence. Merely because one driver has an accident on a road safely traveled by thousands does not prove that he is negligent. This would be equivalent to saying that mere proof of the accident creates a presumption of negligence.

■ "The rule of 'res ipsa loquitur' is a rule of evidence only. It takes more than the mere happening of an accident to set the rule in operation. It must be shown that the act was of such a character as, in the light of ordinary experience, it is without explanation except on the theory of negligence." 8 Thompson on Negligence (White's Supl.) §7635. This rule is most frequently ap-

plied in cases involving common carriers transporting passengers for hire.

Assuming, but not deciding, that res ipsa loquitur applies in cases not involving common carriers, it is not applicable to the instant case because the accident is just as reasonably attributable to other causes as to negligence. 20 R. C. L., p. 185, §156; 1 Berry on Automobiles, §234; 42 C. J., p. 1206; *State v. Trimble,* 323 Mo. 458, 20 S. W. (2d) 46; *McGrath v. St. Louis Transit Co.,* 197 Mo. 97, 104, 94 S. W. 872; *Klein v. Beeten,* 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1237; *Baldwin v. Smitherman,* 171 N. C. 772, 88 S. E. 854.

In *McGrath v. St. Louis Transit Co., supra,* the court stated: ''Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the accident, but show a state of affairs where an inference could be as reasonably drawn that the accident was due to a cause or causes other than the negligent act of the defendant, then the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances of the accident, and the defendant is not called upon to explain the cause of the accident, and to purge himself of the imputed or inferential negligence.''

*Klein v. Beeten, supra.* In this case an automobile suddenly left the road and slid into a gutter. The court stated at page 388:

''Liability in this case is not predicated upon any defect of the automobile. Liability is predicated solely upon the negligent operation of the car. The facts proved are, that an accident happened at a place where the road was smooth and in good order. Plaintiff contends that proof of this fact raises an inference of negligence in the operation of the car. When the car was righted, after the accident, the left-hand front tire was found to be deflated by reason of a blow-out of the inner tube. It is not at all beyond the realm of possibility that the accident might have happened by reason of this blow-out. * * * So we have here evidence showing simply an

accident. Granting that the accident might have been the result of negligent operation of the car, the evidence certainly discloses a possibility that the accident might have been the result of the blow-out.

"* * * The jury could have done no more than guess as to whether the accident was the result of careless and negligent operation of the car or of the blow-out. Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively; and, while the inferences allowed by the rule or doctrine of res ipsa loquitur constitute such proof, it is only where the circumstances leave no room for a different presumption that the maxim applies. When it is shown that the accident might have happened as the result of one of two causes, the reason for the rule fails, and it cannot be invoked."

In *Baldwin v. Smitherman, supra,* it was held that res ipsa loquitur did not apply in a case where witnesses testified as to the cause of the accident.

In *Colorado Springs Co. v. Reese, supra,* a common carrier case, a passenger in a street car was injured by an explosion in the controller box. It was held that res ipsa loquitur applied even though the accident arose out of the use of complicated machinery. There "the thing itself spoke" creating a presumption that the accident would not have occurred but for defendant's negligence.

In *Seeing Denver Co. v. Morgan, supra,* also a common carrier case, it was held that an instruction which stated, "The uncontradicted evidence shows that the plaintiff was a passenger for hire on an automobile operated by an employee of the defendant, and that while ascending a hill the automobile suddenly went backward some distance down the hill and turned on its side, thereby injuring the plaintiff. These circumstances raise the presumption that the accident occurred through negligence on the part of the defendant," did not shift the burden of proof to the defendant. In that case no complaint was made as to the statement in the instruction regarding the pre-

234

sumption of negligence. These therefore do not control the instant case.

If it were conceded that the proof of a vain effort to shift gears or the failure to make the grade or the brakes to hold or the slipping backward of the car created a presumption of defendant's negligence arising under an application of the doctrine of res ipsa loquitur, the effect thereof was destroyed by the plaintiff calling the defendant for cross-examination under the statute and failing to rebut his testimony.

In deciding the motion for nonsuit, it was clearly the duty of the court to determine whether sufficient evidence had been introduced to support the charges of negligence in the complaint. The evidence fails to disclose the negligence charged and the judgment of nonsuit therefore was proper.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.