No. 13,748.

WILLIAM A. BOX IRON WORKS COMPANY *v.* AMERICAN NATIONAL BANK OF DENVER ET AL.
(64 P. [2d] 802)

Decided December 21, 1936.

Mr. JAMES T. BURKE, for plaintiff in error.

Messrs. WINTERS & NAGEL, for defendants in error.

*In Department.*

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the company, defendant in error The American National Bank of Denver, as the bank, and the other defendants by name.

The company brought this suit for damages for destroying its credit and wrecking it. Kunsmiller and Haughwout were vice presidents and Marple assistant cashier of the bank. It was alleged that the wrongs complained of were accomplished by certain alleged acts of these persons. Motions to strike and make more specific were sustained. The company stood on its complaint, and to review the judgment of dismissal thereupon entered against it this writ is prosecuted.

This record presents an unusual situation. The motions go to approximately four of the ten pages of the complaint. Four paragraphs of each go to the same portions. There was no attempt, and no offer, to comply with any portion of the orders. We need therefore only ascertain if more specific statements were essential to enable defendants to properly comprehend and answer the charges against them. If so plaintiff, having stood, is in the same position as if like action had followed a valid order sustaining a general demurrer.

One of the allegations involved is that defendants, at a meeting of "certain persons," appointed one Rubincan, then vice president of the company, to be its president, and one Elizabeth Box, then secretary of the

company, to be its vice president, and said Marple to be its secretary. How they did this, who "certain persons" were, how the company came to submit to this high handed procedure, which apparently led to all the other wrongs complained of, does not appear. Another of said allegations is that defendants caused "all the money" of the company to be deposited in the bank, impounded it, and controlled and restricted its use. How they did this, how much of this money there was, and in what manner its deposit was forced and its withdrawal controlled, does not appear. The fourth paragraph, to which the motion for a more specific statement was sustained, alleges that at a time unknown, defendants and persons unknown entered into a conspiracy of some kind to liquidate the company and dispose of its assets for the benefit of themselves and persons and corporations unknown. In addition this complaint contains apparently conflicting and irreconcilable allegations. One can neither intelligently plead to nor defend against such general charges. The general impression gathered from the complaint is that one Box, who owned and controlled the company, died leaving Rubincan and Elizabeth Box as its sole surviving stockholders and officers; that the bank held a $9,000 note against the company; that for its own protection it bought claims of other creditors and in some way influenced the conduct of the business; and that the company, formerly acquiescing, now objects. One of the reasons given in the motion to make more specific was "that said allegations are ambiguous, unintelligible and uncertain, and too indefinite and general in their terms to allow these defendants to make a proper defense to this suit." That statement was clearly correct and the motions properly sustained. If any doubt of this existed it would be disposed of by the rule that such motions "are addressed to the discretion of the court and rulings granting or denying such motions are not reviewable except for abuse of discretion." *Seeing Denver Co. v. Morgan*, 66 Colo. 565, 568, 185 Pac. 339; *Louden I. C. & R. Co. v. Neville*, 75

Colo. 536, 538, 227 Pac. 562. No abuse appearing the judgment is sustained.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.