No. 15,405.

DENVER-LOS ANGELES TRUCKING COMPANY *v.* WARD ET AL.
(164 P. [2d] 730)

Decided December 17, 1945.

Mr. W. A. Alexander, Mr. Cecil M. Draper, for plaintiff in error.

Mr. Frank H. Hall, for defendants in error.

*In Department.*

Mr. Chief Justice Bakke delivered the opinion of the court.

Defendants in error, Marian Ward, Charles J. Ward, Mary Pople and the Pople Brothers Construction Company, instituted an action against plaintiff in error Denver-Los Angeles Trucking Company, and the Perry Trucking Lines, to recover for personal injuries and property damage sustained by them in a collision between an automobile belonging to the Pople company and certain trucks, the property of defendants, and

caused, as they allege, by the negligence of defendants. At the close of the evidence, each defendant moved for a directed verdict in its favor. The motion of the Perry Truck Lines was sustained, but the case of plaintiff in error Denver-Los Angeles Trucking Company, was submitted to the jury which returned verdicts in favor of the plaintiffs, respectively, in various amounts, and judgments against defendant were entered accordingly. Reversal is sought on a writ of error.

The only question presented by the specifications of points, is whether the evidence of negligence was sufficient to require a submission of the case to the jury. The facts, briefly stated, are as follows: About six o'clock a.m., December 11, 1941, plaintiffs, while en route to California on highway No. 85, and at a point about an eighth of a mile south of Pecos, New Mexico, drove the Buick car, in which they were riding, against the rear end of a truck owned by the Perry Truck Lines which had been stopped at that point because the highway was blocked by a large truck-trailer, owned by defendant, the Denver-Los Angeles Trucking Company, which was stalled crosswise on the road. The road was icy, and defendant's truck, which had an overall length of about forty feet and carried a load of about twelve tons, was being driven up a hill at a speed of about five miles an hour until it reached a point where, because of ice and the steepness of the grade, the wheels could get no traction, and the truck began to slide backward. Crowe, the driver, in order to keep the machine on the road "jackknifed" it, with the tractor to his left. In order to hold it in that position it was necessary for him to keep his foot on the brake pedal. He immediately called to his fellow driver who was asleep in the cab compartment, to get up and help him. While he was thus sitting with his foot on the brake pedal, the truck owned by the Perry Lines was approaching down the hill toward him and stopped within about thirty feet of defendant's truck. Almost

immediately thereafter, not to exceed three or four minutes, the Buick car was driven along following the Perry truck, and before the driver thereof could stop the car it crashed into the rear end of the Perry truck· resulting in the injuries of which complaint is made.

The alleged negligence consisted of the blocking of the highway by Crowe and his failure "to place any flares or other warning signals, or any guards to warn approaching cars of the fact that said highway was wholly blocked at said point."

██ ·Clearly there was no negligence on the part of Crowe prior to the time when his truck stalled and when it began to slide backwards; his actions thereafter did not constitute negligence. *Clune v. Mercereau,* 89 Colo. 227, 1 P. (2d) 101. In the Clune case we said, concerning a car that had stalled on a mountain road: "Various causes may produce this result; for example, lack of traction caused by the condition of the road or tires, insufficient engine power or speed. Therefore, the proof of such an event does not give rise to the inference that it was avoidable by the exercise of reasonable care. * * * An accident may be unusual and unexpected and still may not be the result of negligence. Merely because one driver has an accident on a road safely traveled by thousands does not prove that he is negligent." In that case we affirmed a judgment of nonsuit.

██ As to defendant's failure to place flares or guards to warn the drivers of approaching cars, that matter should not have been submitted to the jury, because no statute of the State of New Mexico requires the placing of flares, and we think the evidence shows conclusively that Crowe did not have time to place any other warning signals or guards; consequently their absence cannot be held to have been the proximate cause of the accident. According to plaintiffs' testimony, they could not have seen either flares or signals before they struck the ice, which they said covered the

whole road from where they first saw the blockade down to where their car came in contact with the Perry truck, a distance of 150 feet. It was still dark, and if they could have seen the reflection of the flares, they could have seen the reflection of the lights of defendant's truck, which lights were still burning and reflected in the general direction of plaintiffs' approach. This conclusion is fortified by the other admitted physical facts in the case. In the highway approaching the town of Pecos from the south, there is a hill about 350 feet long, in the middle of which is a dip. From the crest of this hill plaintiffs could see the top of the Perry truck, but when they descended into the dip they could see neither of the trucks until they came to the downward crest of the dip, where they struck the ice, after reaching which point, the accident became unavoidable. Regardless of whether we hold that the failure to place flares or other warnings was a failure to perform a statutory, or a common-law duty, the fact remains that such failure does not constitute actionable negligence unless it is the proximate cause of the injury. 5 Am. Jur. 595; 38 Am. Jur. 699; *Pullman Palace Car Co. v. Barker*, 4 Colo. 344; *Colorado Capital Coal M. Co. v. Chatfield*, 58 Colo. 161, 143 Pac. 1095; *Kent Manufacturing Co. v. Zimmerman*, 48 Colo. 388, 110 Pac. 187; *People v. Schaeffer*, 100 Colo. 70, 65 P. (2d) 699; *Independent Lumber Co. v. Leatherwood*, 102 Colo. 460, 79 P. (2d) 1052.

There is some conflict in testimony concerning an unidentified man (presumably Crowe or his relief driver), who plaintiffs claim they saw shoveling sand under the wheels of the truck as they came down the hill. The purpose of this testimony was to show that Crowe did have time to place out flares, or otherwise warn plaintiffs. In view of our remarks relating to plaintiffs' failure to see the lights of defendant's truck, this conflicting testimony was on an immaterial point. In regard to the testimony concerning shoveling sand under the

wheels, the driver of the Buick car testified on cross-examination, as follows: "Q. Did you see the other two men, the men on the Denver-Los Angeles truck? A. I saw one man from the Denver-Los Angeles. Q. Before the collision? A. No. Q. You didn't see any of them before the collision? A. I didn't see the men on the Denver-Los Angeles truck before the collision."

There is only one Colorado case upon which counsel for defendant relies, that we think at all similar to the situation in the instant proceeding, so far as the matter of icy pavements is concerned, and that is, *Jackson v. Wilhelm,* 106 Colo. 140, 102 P. (2d) 731. However, in that case the "highway was covered with ice at the locus of the accident, and for a distance of about eighty miles east thereof." The driver had been having trouble in keeping his truck on the road, yet he was driving at a speed of from twelve to thirty miles an hour, in questioned visibility, at 5:30 p.m., on the Lincoln Highway when his truck struck the car involved. It was particularly because of the conflict in evidence, from which varying inferences could be drawn, that we held that the case was properly submitted to the jury. In the instant case, while Crowe testified that there had been ice on the road for twenty-five miles, he stated that he had had no difficulty in keeping the truck on the road and there was no reason why he should anticipate that he would have trouble on this particular hill. There was no stalling on a hill involved in the Jackson-Wilhelm case. Here, plaintiffs admit that they had had no difficulty on the road over which they had come, and even their counsel does not suggest any additional acts on the part of Crowe which would have prevented the accident, once he became aware of his predicament, except as above indicated, and Mr. Pople, husband of one of the plaintiffs, and who was experienced in handling heavy trucks, testified that "jackknifing" a car across the highway would be proper under the circumstances.

Another case involving a truck which was being

driven on an icy pavement, is that of *Hogue v. Colorado & Southern Ry. Co.*, 110 Colo. 552, 136 P. (2d) 276, where we held that, as both the driver of the truck and engineer of the railroad locomotive were negligent, no recovery could be had.

In his brief here, plaintiffs' counsel states that there is evidence that the brakes on defendant's truck were defective, because Crowe had to keep his foot on the brake pedal when it stalled to prevent the truck from rolling backward. We think no such inference is justified; on the contrary that was the natural thing for him to do as an extra precaution to protect his machine, valuable cargo, and fellow driver who was asleep. A person who, through no fault of his own, is placed in a sudden emergency, is not chargeable with negligence if he exercises in the emergency the care of a reasonably prudent individual under like circumstances. 5 Am. Jur. 600; 38 Am. Jur. 686.

The only other suggestion of negligence in the brief, but not pleaded, is, that the tires of defendant's truck were not equipped with chains at the time the truck stalled. There is no evidence in the record indicating that this fact contributed to the accident. It was incumbent on the plaintiffs to show that the absence of chains contributed to the result, if they relied thereon. "It is common knowledge to those who drive cars that chains are valueless to protect against skidding, when once skidding has started. If the wheels are locked, and the surface of the road is so slippery that there is no traction between the surface of the wheel and the surface of the road, chains are valueless." *Smith v. Levison*, 222 App. Div. 310, 226 N.Y.S. 311, quoted in note, Berry, Automobiles (6th ed.), vol. 1, p. 163. See, also, *Livingston v. Chambers*, 191 Ia. 966, 183 N.W. 429. In the instant case the three vehicles involved were being driven without chains.

Under the circumstances we feel that the trial court should have sustained the motion of the Denver-Los

Angeles Trucking Company for a directed verdict as well as that of the Perry Truck Lines, and for its failure to do so the judgment should be reversed.

It is so ordered.

MR. JUSTICE BURKE and MR. JUSTICE ALTER concur.